577 So.2d 341 (1991)
DONALD G. LAMBERT CONTRACTOR, INC.
v.
STATE of Louisiana, acting through its DEPARTMENT OF HIGHWAYS. (Four Cases)
Nos. CA 89 2024 to CA 89 2027.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied May 31, 1991.
Thomas Milliner, Salvadore Anzelmo, New Orleans, for plaintiff-appellant Donald G. Lambert Contractor, Inc.
Lawrence A. Durant, Baton Rouge, for defendant-appellee State of La., acting through its Dept. of Highways.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Plaintiff, Donald G. Lambert Contractor, Inc. (Lambert) filed four suits between January and February of 1975 against the defendant, the State of Louisiana through the Department of Highways, now called the Department of Transportation and Development (State). The four suits were assigned to three different divisions of the Nineteenth Judicial District Court, all of which dismissed the suits as abandoned under LSA-C.C.P. art. 561.
Lambert appeals. The four suits were consolidated for appeal.
The primary issue is whether a "Motion for Extension of Time Within Which to File Responsive Pleadings," filed by defendant, the State, on January 23, 1980, interrupted the five-year prescriptive period provided by LSA-C.C.P. art. 561. We find that the motion did not interrupt the prescriptive period and affirm the dismissals of the four suits as abandoned.
Article 561 of the Louisiana Code of Civil Procedure, applicable here, provides in pertinent part: "An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years." The article contains three requirements: A step must be taken (1) in the prosecution or defense of the case, (2) in court, and (3) within five years of the last step taken by either party. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). For the purpose of LSA-C. C.P. art. 561, a "step" in the prosecution or defense is taken when either party "takes *342 formal action, before the court and on the record, intended to hasten the matter to judgment." Chevron, 436 So.2d at 532.
A motion that grants to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but does not itself hasten the matter to judgment, is not an article 561 "step." See Chevron, 436 So.2d at 532-33; Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213, 214 (1921).
The suits were filed in 1975. No answer was filed. The parties agree that depositions taken on September 4, 1975, were steps in the prosecution of the suit. Although we have no formal filing in the record concerning the depositions,[1] we assume that the agreement is based on some notification in the record not designated for this appeal. Between 1975 and January 23, 1980, only motions to withdraw as counsel or to substitute counsel and for request for notice were filed. These types of motions give the parties the right to take steps, but are not formal steps before the court in the prosecution of the suit. Chevron, 436 So.2d at 532-33; see Brown v. Edwards, 435 So.2d 1073, 1075 (La.App. 1st Cir.), cert. denied, 441 So.2d 751 (La.1983). The parties do not attach any significance to the State's filing on January 23, 1980, of a request for notice or a motion for substitution of counsel. Neither of these qualify as a step intended to hasten the matter to judgment.
The motion filed on January 23, 1980, by the newly substituted defense counsel, for additional time to review the record, also cannot be regarded as a "step" in the prosecution or defense. A motion for an extension grants to counsel time to review and to decide whether and how the case should be pursued. It does not, of itself, constitute a step intended to hasten the matter to judgment.
A motion for an extention of time to plead often serves the same function as a motion to withdraw the record for purposes of review and the convenience of the attorney. A motion for withdrawal "is not a step forwarding the progress of the case in court." Lips, 89 So. at 214; see Guedry Finance Company, Inc. v. Sanderson, 357 So.2d 1338, 1339 (La.App. 4th Cir.1978). For the same reasons, a motion for an extension of time does not forward the progress of the case or hasten it to judgment.
It would serve neither the goals of LSA-C.C.P. art. 561, the prevention of protracted litigation, nor the policy of protecting litigants' rights by, in effect, prohibiting an attorney from filing a motion for additional time to plead because such a motion would interrupt the five-year prescriptive period. The interests of justice are better served by allowing a new or substituted counsel to review the record and to determine what, if any, pleading should be filed without the consequences of an article 561 "step" being the unintended result.
From the date of the motion for an extension of time until 1985, the only pleadings filed were motions for substitution of counsel, request for notice, and a notice of a change of address. The intention to abandon is supported by the failure of either party to file any arguable "step" after the 1980 motion for extention of time to plead until plaintiff filed for a preliminary default on February 13, 1985. No further steps in the prosecution of the case appear in the record until 1989. On June 13, 1989, the state filed a rule to show cause why the suits should not be declared abandoned.
For these reasons, we affirm the dismissals of the four suits as abandoned. Any statements in the judgments, concerning the specific dates of abandonment, that are inconsistent with this opinion are deleted. All costs are assessed to plaintiff, Donald G. Lambert Contractor, Inc.
*343 AMENDED, and as amended, AFFIRMED.
NOTES
[1] Depositions taken off the record, without the filing of the notice of deposition or the transcript of the depositions, do not usually qualify as formal steps before the court intended to hasten prosecution. See Michel v. Home Town Supermarket, Inc., 493 So.2d 142, 144-45 (La. App. 5th Cir.), cert. denied, 493 So.2d 1207 (La. 1986); De Salvo v. Waguespack, 187 So.2d 489, 490 (La.App. 4th Cir.1966); DeClouet v. Kansas City Southern Railway Company, 176 So.2d 471, 473 (La.App. 3d Cir.), writ refused, 248 La. 383, 178 So.2d 662 (La.1965).