671 So.2d 1133 (1996)
Thomas J. CAMPBELL, Plaintiff-Appellant,
v.
The HARTFORD INSURANCE COMPANY OF the MIDWEST, Defendant-Appellee.
No. 95-1484.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1134 David Painter, Lake Charles, for Thomas J. Campbell.
Robert J. Clinton, Irving, Steven H. Beadles, Shreveport, Carol A. Swanda, Irving, for The Hartford Insurance Company of the Midwest.
Before KNOLL, WOODARD and PETERS, JJ.
WOODARD, Judge.
The trial court dismissed the plaintiff's action on an insurance policy against the defendant on the grounds of abandonment. He appeals. We affirm.

FACTS
This suit has its inception in a fire that partially destroyed the home of the plaintiff, Thomas J. Campbell, on January 6, 1989. The defendant, The Hartford Insurance Company of the Midwest, had issued a fire insurance policy on Campbell's residence. Campbell made a claim, Hartford denied liability under the policy, and Campbell filed suit May 16, 1989.
The procedural history in this matter bears on the disposition of this matter. Hartford answered Campbell's petition June 14, 1989. Campbell requested a preliminary default June 21, 1989, which was entered June 23, 1989. Hartford motioned for an extension of time to respond to discovery requests on July 18, 1989, which the court granted July 20, 1989. The next day, July 21, 1989, Campbell's former attorney filed a motion to withdraw, and the order granting the motion was signed that day.
The next filing was Campbell's present attorney's motion to enroll as counsel of record on July 15, 1993, almost four years later. Over a year from that date, July 19, 1994, Campbell requested by letter to the clerk of court that the matter be placed on the trial docket. This letter was filed into the record May 22, 1995, the same date Hartford filed its motion to dismiss on the grounds of abandonment.
Hartford claimed that a dismissal on grounds of abandonment was in order because neither party took a step, as required by the Louisiana Code of Civil Procedure, in the prosecution or defense of the lawsuit during the five-year period between June 24, 1989, and June 24, 1994. A hearing was held July 28, 1995, and the trial court granted Hartford's motion. According to the trial court, the date the preliminary default was entered, June 24, 1989, was the last step taken in the suit before another such step was taken when Campbell requested, in his letter of July 19, 1994 to the clerk of court, that the matter be put on the trial docket more than five years later. Thus, the court ruled that the suit had been abandoned.

LAW & DISCUSSION
The Louisiana Code of Civil Procedure, article 561, states that "[a]n action is abandoned when the parties fail to take any *1135 step in its prosecution or defense in the trial court for a period of five years...." In order to avoid abandonment, a party must take a step in advancing the lawsuit, the step must be taken in the trial court, and the step must be taken within five years of the last step taken by either party. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983); Dept. of Transp. & Dev. v. Waste Mgt., 626 So.2d 59 (La.App. 3 Cir.1993). A "step" in the prosecution or defense is taken when a party takes a formal action, before the court and on the record, which is intended to hasten the matter to judgment. Id.
Campbell contends that the lawsuit was not abandoned because the following actions constitute steps under Article 561: (1) the court order of July 20, 1989, granting Hartford an extension of time to respond to written discovery, is a step under Article 561, and thus five years had not elapsed by July 19, 1994; and (2) the motion and order to enroll his present attorney as counsel of record on July 15, 1993, was also a step under 561. If Campbell is correct and either of these actions constitutes an Article 561 step, then there has not been a period where five years has elapsed without a 561 step having been taken, and thus the suit has not been abandoned.
But neither of these actions constitute such a step. As to the motion to enroll of July 15, 1993, Campbell attempts to distinguish his case by arguing that although a motion to substitute counsel, or to withdraw as counsel, are not steps under Article 561 [see Chevron Oil Co., 436 So.2d 530 and Brown v. Edwards, 435 So.2d 1073 (La.App. 1 Cir.), writ denied, 441 So.2d 751 (La.1983)], a motion to enroll as counsel of record is somehow different because it shows an intent to pursue the matter that a substitution or a withdrawal of counsel does not show. Not only is Campbell's argument in attempting to draw a distinction with a difference unconvincing, it is directly contradicted by the case law. See McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1 Cir. 1970) which expressly holds that a motion to enroll does not constitute a step under La. Code Civ.P. art. 561.
As to the order of July 20, 1989, which granted the defendant an extension of time to respond to discovery, we cannot see now the order granting the motion would be an Article 561 step if the motion is not, and the motion clearly is not. According to Donald G. Lambert Contractor v. State, 577 So.2d 341 (La.App. 1 Cir.), writ denied, 580 So.2d 923 (La.1991), a motion for an extension of time is not a 561 step because it is not deemed to be action taken to hasten judgment. If the motion is not deemed to hasten judgment, and it is not, then neither is the order on that motion.
Campbell has cited no case to the contrary. Instead, he urges us to engage in a "liberal construction" of the matter, calling to our attention the previously cited Waste Mgt. The Waste Mgt. case's liberal construction consisted of whether a motion to set for trial, before an answer had been filed, constituted a step under Article 561. There was no question that a motion to set for trial if filed timely after issue had been joined would have constituted a step under 561. In Waste Mgt., the defendants were sued but not served before five years had passed. However, the plaintiff's motion to fix for trial was within five years of the filing of the suit. This court held that whether or not the defendants were served within five years was irrelevant. What counts is that an action constituting a step under 561 was taken within five years. In the case before us, no such action constituting the required step was taken within five years. A motion to fix or set for trial is a 561 step, as it is a step taken to hasten judgment, but a motion to enroll as counsel and a motion or order for an extension of time are not. (See the jurisprudence previously cited.) Thus, Waste Mgt. is not on point, and there is nothing to "construct liberally" in this case.

DECREE
For the reasons given in this opinion, the judgment of the trial court is affirmed, and the defendant is cast with all costs of this appeal.
AFFIRMED.