DANIEL L. DYSART, Judge.
L Norman Prestenback appeals an order dismissing his lawsuit against Irma D. Hearn on the ground of abandonment. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND:
Mr. Prestenback, filed suit against his sister-in-law, Ms. Hearn [1], on February 6, 2004. The petition sought to set aside a recorded authentic act of sale executed in 1972 on the grounds of alleged forgery and fraud.
Mr. Prestenback claimed to be the owner of an undivided one-half interest in a certain portion of immovable property at 633-635 St. Roch Avenue in New Orleans. His ownership was acquired by an Act of Sale executed in 1961. Mr. Prestenback stated that he believed he continued to own an interest in this property, until he *258 learned of an Act of Sale executed in 1972, in which he and his wife allegedly sold their interest to defendant, Ms. Hearn. Mr. Prestenback claimed that neither he nor his wife signed the 1972 Act of Sale, and that the signatures purported to be his and his wife’s were forgeries.
| Recording to the petition, Ms. Hearn owned the other undivided one-half interest in the property with her husband, until his death, at which time she acquired her deceased husband’s interest through succession.
Ms. Hearn, through her attorney, answered the petition on November 30, 2004.[2] Numerous actions were taken by both parties, including discovery, scheduling of status conferences, and correspondence with the court. A notice of trial was mailed to counsel for Ms. Hearn and to Mr. Prestenback personally, as both of his previous attorneys had withdrawn and he was without counsel at the time of setting. Trial was set for October 2, 2006. On September 6, 2006, Gordon Patton enrolled as counsel for Mr. Prestenback. On September 11, 2006, Mr. Patton filed a motion to continue and reset in which he indicates that counsel for Ms. Hearn objects to a continuance. The continuance was denied.
From September 13-21, 2006, Mr. Patton issued numerous notices of deposition and subpoenas. On September 29, 2006, a letter was sent to the trial court judge by another attorney, indicating that Mr. Patton had been admitted to the hospital for emergency heart surgery. The letter further indicated that Mr. Patton would file a formal motion (presumably to continue the trial) when he was able.
On December 7, 2006, a rule to show cause was filed on behalf of Mr. Presten-back seeking to have Ms. Hearn produce her social security earnings [¡¡records. The record contains a letter to the trial court dated January 24, 2007, indicating that the rule was moot.
The next record filing was a Motion to Dismiss Suit on the Grounds of Abandonment, with an order signed by the duty judge on November 17, 2010, dismissing the action as of December 7, 2009.
On November 24, 2010, current counsel for Mr. Prestenback enrolled and filed a Motion and Order to Set for Trial. The motion was granted for a pre-trial conference to be held on December 10, 2010. It is unclear what transpired at the conference, but on December 22, 2010, counsel for Mr. Prestenback filed a Motion to Set Aside Dismisal [sic], which was set for hearing on February 11, 2011. The trial court ruled from bench denying the motion.
This appeal followed.
DISCUSSION:
The controlling statute in this case is La.Code Civ. Proc. art. 561, which provides in part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed or record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 sets forth three requirements to avoid abandonment: (1) a party must take some “step” in the prosecution *259 or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must 14appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendants will be deemed a step. La. Dept. of Trans. & Dev. v. Oilfield Heavy Haulers, L.L.C., 2011-0912, pp. 4-5 (La.12/6/11), 79 So.3d 978, citing Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784.
A “step” is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. See James v. Formosa Plastics Corp. of La., 01-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338.
Article 561 was designed to prevent protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. See Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. Oilfield Heavy Haulers, 2011-0912, p. 5, 79 So.3d at 981; Clark, 00-3010, pp. 10-11, 785 So.2d at 787.
Article 561 is to be liberally construed in favor of maintaining a lawsuit because dismissal is the harshest of remedies. Oilfield Heavy Haulers, supra; Clark, 00-3010, p. 8, 785 So.2d at 785. Any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim. Oilfield Heavy Haulers, supra; Clark, 00-3010, p. 10, 785 So.2d at 787. Article 561 was not designed to allow dismissal of suits on mere technicalities, but only suits where |5a plaintiffs inaction during the statutory time period has “clearly demonstrated his abandonment of the case.” Oilfield Heavy Haulers, supra; Clark, 00-3010, pp. 8-9, 785 So.2d at 785-86 (quoting Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4 Cir.1976)).
In Oilfield Heavy Haulers, supra, the “step” in question was whether a letter filed in the record and served on all remaining parties scheduling a Rule 10.1 conference qualified as a “step” in the prosecution. The Supreme Court found that the letter was a step because scheduling a Rule 10.1 conference was a necessary step in the discovery process, thereby moving the case towards judgment.
In Clark, 00-3010, 785 So.2d 779, the Supreme Court held that an insurer’s unconditional tender of benefits was an “ac-knowledgement” and thus a waiver of the right to assert abandonment. Id. 00-3010, p. 22, 785 So.2d at 793.
In the instant case, the action which plaintiff claims was a step in the prosecution was the preparation of affidavits by the defendant’s counsel. Defense counsel explained that he prepared the affidavits in April 2009 in response to death and bomb threats reportedly made by Mr. Presten-back’s son, Norman “Jay” Prestenback, Jr.[3]
Defense counsel further explained that Deborah Martin, plaintiffs daughter, had *260 previously given deposition testimony in the underlying lawsuit that her father could not write his name, and therefore, he could not have signed the Act of Sale transferring ownership of the disputed property to Ms. Hearn. In her affidavit, Ms. |fiMartin attested that she had given false testimony in her deposition, when she stated that her father could not write his name.
Defense counsel prepared the affidavits to be given to the Federal Bureau of Investigation and the New Orleans Police Department to aid in the investigation of the threats. As counsel explained, it was necessary to include bare facts about the lawsuit to demonstrate why the threats were being made.
Mr. Prestenback disagrees that the purpose of the affidavits was to aid in the investigation of alleged threats, but rather were prepared relative to the underlying lawsuit. Therefore, it was error for the trial court to not find the affidavits were prepared for trial purposes. Mr. Presten-back insists that there was no legitimate reason other than preparation for trial, for law enforcement officials to know about Mr. Prestenback’s ability to write his name. It is his contention that the affidavits were prepared for the trier-of-fact, not for an investigation of threats.
After carefully reviewing the record, we cannot agree with the plaintiffs position. The affidavits were not filed into the record of the case, a requirement set forth in Oilfield Heavy Haulers, supra, and Clark, supra. The preparation of the affidavits cannot be considered a type of formal discovery, which is an exception to steps not contained in the- record. La.Code Civ. Proc. art. 561 B.
We also find that the preparation of the affidavits was the type of extrajudicial effort uniformly held to be insufficient to constitute a step for purposes of interrupting abandonment. See Clark, 00-3010, p. 16, 785 So.2d at p. 790.
Accordingly, for the reasons assigned herein, we affirm the judgment of the trial court.
AFFIRMED

. Both Mr. Prestenback and Ms. Hearn were approximately 90 years old at the time this appeal was filed.

. The record contains an Answer to Recon-ventional Demand, although no Reconven-tional Demand is contained in the record. A citation indicates that a Reconventional Demand was served on plaintiff.

. We are aware that argument by counsel, either at the trial court or in brief, is not evidence. However, because the affidavits, the preparation of which plaintiff argues is a "step” in the prosecution by the defendant, we must rely, as did the trial court, on the explanations given at the hearing and on appeal.