DANIEL L. DYSART, Judge.
1 ¶Plaintiffs, Lynn B. Dean and Elevating Boats, Inc., appeal a judgment granting Exceptions of Res Judicata and No Right of Action and a Motion to Dismiss filed by defendant, Delacroix Corporation. The trial court dismissed plaintiffs’ claims as to the exceptions, with prejudice, and the claims as to the motion to dismiss, without prejudice. For the following reasons, we affirm in part, and reverse in part.
FACTUAL AND PROCEDURAL HISTORY:
This case involves ownership of immovable property, specifically water bottoms of a manmade navigable canal, which lies on the boundary between St. Bernard and Plaquemines parishes. The canal is commonly known as the Caenarvon Canal. The issue of ownership has been litigated in both parishes since the first suit was filed by Delacroix Corporation (hereinafter “Delacroix”), in the 34th Judicial District for the Parish of St. Bernard seeking to enjoin plaintiffs from trespassing on the subject property. Delacroix alleged that it owned the immovable property which was located in Plaquemines Parish, and that plaintiffs owned the land ^adjacent to and east of Delacroix’s property. Delacroix alleged that plaintiffs trespassed by mooring and maintaining elevating boats on one side of the canal and by filling in the head of the canal and constructing a boat launch. Delacroix later filed a motion for preliminary injunction. Plaintiffs reconvened alleging a possessory action, which demand was dismissed by the trial court on the ground of prescription. A writ to this Court was granted, but relief was denied, holding that plaintiffs had no right to assert a possessory action because neither a disturbance in fact nor a disturbance in law existed.[1] Plaintiffs later reconvened to allege superior title to the property or, alternatively, that plaintiffs had gained ownership through either acquisitive prescription of ten years or thirty years.
In 2003, prior to the St. Bernard suit being tried, plaintiffs filed a concursus proceeding in the 25th Judicial District for the Parish of Plaquemines against Delacroix and the Parish of Plaquemines (hereinafter “PPG”). Plaintiffs also sought a preliminary injunction. Delacroix filed Exceptions of Lis Pendens, No Right of Action and No Cause of Action. The trial court denied all exceptions and Delacroix sought supervisory review in this Court, which reversed the trial court, finding that it had erred in not granting the Exception of Lis Pendens. Plaintiffs’ claims against Delacroix were dismissed without prejudice. The Court further vacated the denial of the Exceptions of No Right of Action and No Cause of Action, explaining that those exceptions must be brought in the 34th Judicial District suit. To the contrary, the concursus action between plaintiffs and PPG had |sto be litigated in Plaquemines Parish because that is the location of the disputed property.[2]
In early 2004, a trial was held in the 34th Judicial District case. In written reasons, the trial court stated that the ownership issue must be decided first, and based on the expert testimony of Delacroix’s expert, which it found to be the more reliable, adjudicated Delacroix to be the title owner of the canal.
As to plaintiffs’ reconventional demand, the trial court found that acquisitive prescription of ten years was defeated because plaintiffs did not possess a just title. Acquisitive prescription of thirty years was *286 defeated because possession must be continuous, uninterrupted, peaceable, public and unequivocal. The trial court found that plaintiffs failed to meet this burden because Delacroix did not become aware of the trespass until plaintiffs applied for a permit in 1998 to pave a driveway to a boat launch it had constructed in the canal.
Having found that Delacroix owned the property, the court addressed the trespass issue, finding that plaintiffs had indeed trespassed on the property on numerous occasions. Delacroix moved to have the preliminary injunction made permanent, and a final judgment was issued on March 1, 2004. This Court rendered an opinion affirming the judgment[3], and no writs were taken to the Supreme Court.
Following the conclusion of the case in the 34th Judicial District, Delacroix filed a petition for intervention in the 25th Judicial District case, seeking a |4preliminary injunction to protect its ownership claim to the canal. The trial court denied leave to reconvene, and Delacroix again requested this Court’s supervision. This Court reversed the trial court, stating “Delacroix has a clear and vital interest in asserting its rights as definitively established in the Saint Bernard Court’s final judgment.”[4]
On May 8, 2008, Delacroix filed the subject exceptions in the instant case. On August 15, 2011, it filed the motion to dismiss on the grounds of abandonment. After a hearing, the trial court rendered judgment in February 29, 2012, granting the exceptions and the motion to dismiss. This appeal followed.
DISCUSSION:
Dean’s first assignment of error addresses the granting of Delacroix’s Exception of Res Judicata.
Louisiana Revised Statute 13:4231 covers both types of preclusion by judgment provided for in the Louisiana Code of Civil Procedure, that is, claim preclusion (res judicata) and issue preclusion (collateral estoppel).
Louisiana Revised Statute 13:4231 provides in part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * ⅜
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
|sThe Louisiana Supreme Court has established five requirements that must be met for res judicata to apply. Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049. The requirements are: 1) a valid judgment, 2) a final judgment, 3) identity of parties, 4) the same cause of action asserted in the second suit existed at the time of the final judgment in the first suit, and 5) the cause of action asserted in the second suit must arise out of the transaction or occurrence that was the subject matter of the first suit.
Also, as explained by J. Tobias in Dean v. Delacroix Corp., 03-1352 (La.App. 4 Cir. 8/27/03), 853 So.2d 769, “[a] resolution of the issue of ownership of the immovable in the St. Bernard litigation will have res judicata effect on the issue of ownership of the immovable,” citing La.Code Civ. Proc. art. 1061 B, La. R.S. 13:4231 and 4232, and Burguieres, supra.
*287 On March 1, 2004, the 34th Judicial District Court rendered a valid and final judgment following a four-day trial. That judgment was affirmed on appeal to this Court and no writ was taken to the Supreme Court. The issue of ownership of the canal as between Dean and Delacroix was necessarily decided by the trial court as the suit sought an injunction to prevent Dean from trespassing on property Delacroix alleged it owned. Lastly, the parties are identical. The fact that PPG was an additional defendant in the Plaquemines Parish case is of no moment. All of the requirements set forth in Burguieres are met, thereby making a finding of res judi-cata in favor of Delacroix proper. The 34th Judicial District Court judgment establishes that Delacroix owns the property in question as between it and | fiDean, and any further litigation on this issue is barred by the doctrine of res judicata.
Because we find that the doctrine of res judicata applies, we pretermit discussion of Dean’s second assignment of error relative to the grant of Delacroix’s Exception of No Right of Action.
Dean’s last assignment of error challenges that trial court’s grant of Delacroix’s Motion to Dismiss on the ground of abandonment. Dean argues that Delacroix waived its right to bring the motion by proceeding with the hearing on the Exceptions of Res Judicata, No Cause of Action and No Right of Action.
Louisiana Code of Civil Procedure art. 561 provides that an action is abandoned when the parties fail to take any step in the prosecution or defense of the case for a period of three years. A trial court shall enter a formal order of dismissal on ex parte motion of any party seeking to dismiss the case on this ground.
Article 561 imposes three requirements to avoid abandonment: 1) a party must take some step toward the prosecution or defense of the action; 2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record; and 3) the step must be taken within three years of the last step taken by either party. Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912, pp. 4-5 (La.12/6/11), 79 So.3d 978, 981, citing Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 5-6 (La.5/15/01), 785 So.2d 779, 784.
[ 7A “step” is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. Oilfield Heavy Haulers, 11-0912 at p. 5, 79 So.3d 978, 981. A step by one party prevents abandonment as to all of the parties, even though they are not solidarity liable. Id., citing Delta Dev. Co., Inc. v. Jurgens, 456 So.2d 145, 146 (La.1984).
We find that the Motion to Dismiss should have been denied, albeit not for the reasons assigned by Dean. Our review of the record reveals the following pertinent dates of trial court filings:
April 4, 2008 — Order signed by J. Roe setting trial on the merits for November 3, 2008.
May 9, 2008 — Delacroix filed its exceptions
May 13, 2008 — Order signed by J. Roe setting hearing on exceptions for June 3, 2008
June 3, 2008 — minute entry ■ indicating that on joint motion, trial court continued hearing on exceptions to June 24, 2008
June 12, 2008 — PPG filed opposition to exceptions
June 16, 2008 — Dean filed opposition to exceptions
*288 August 14, 2008 — PPG filed unopposed motion to continue without date the hearing on the exceptions and the trial
August 18, 2008 — J. Ragusa signed order continuing without date both the hearing on the exceptions and the trial.
August 5, 2011 — Dean filed motion to reset Delacroix’s exceptions for hearing
August 15, 2011 — Delacroix filed Motion to Dismiss
As we view the pertinent dates, prior to the filing by PPG of the motion to continue both the hearing on Delacroix’s exceptions and the trial, which motion was unopposed, all parties were contemplating the case moving forward as there were dates set for hearings and trial. Once the trial court ruled on Delacroix’s exceptions, the case would proceed to trial with or without Delacroix as a party. |RThere was no further action needed by any party, such as the formal filing of pleadings, to move the case forward. Thus, it would be patently unfair to hold that the last date any action taken in this case to hasten it to judgment was June 16, 2008, when Dean filed its opposition to Delacroix’s exceptions. Rather, we find the operative date to begin the tolling of the three-year abandonment rule was August 18, 2008, the date Judge Ragusa signed the order continuing both the hearing on Delacroix’s exceptions and the trial date. Consequently, when Dean filed the motion to reset Delacroix’s exceptions for hearing on August 5, 2011, the three-years since the last action taken had not yet expired.
In Oilfield Heavy Haulers, the Supreme Court reiterated that “[t]he purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without serious intent to hasten the claim to judgment.” Id., citing Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La. 1983). Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim. Clark, supra, 00-3010, p. 10, 785 So.2d at 787.
Accordingly, we find that the trial court erred in granting Delacroix’s Motion to Dismiss on the ground of abandonment.
CONCLUSION:
Thus, we affirm the trial court’s granting of Delacroix’s Exception of Res Judi-cata as it applies to the issue of ownership of the subject property between |9Pean and Delacroix, and reverse the trial court’s granting of Delacroix’s Motion to Dismiss.
AFFIRMED IN PART; REVERSED IN PART
BELSOME, J., concurs in the result.

. Delacroix Corp. v. Dean, 03-0624 (La.App. 4 Cir. 6/3/03), unpub.

. Dean v. Delacroix Corp., 03-1352 (La.App. 4 Cir. 9/16/03), 853 So.2d 769.

. Delacroix Corp. v. Dean, 04-0899 (La.App. 4 Cir. 4/13/05), 901 So.2d 1188.

. Dean v. Delacroix Corp., 04-0831 (La.App. 4 Cir. 5/11/05), 904 So.2d 46.