JENKINS, J.,
Dissents with Reasons.
hi respectfully dissent.
This case concerns abandonment, which occurs automatically when all parties to an action fail to take any steps in its prosecution or defense, on the record, for a period of three years. See La. C.C.P. art. 561(A)(1) and (3). There are only two judicially created exceptions to the ‘on the record’ requirement: (1) contra non valentem and (2) waiver. See La. Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912, p. 11 (La.12/6/11), 79 So.3d 978, 985 (citing Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 7 (La.5/15/01), 785 So.2d 779, 784-85).
Here, the Appellants (the Heirs) moved for a status and case management conference on March 26, 2008. The conference was set for August 28, 2008, but no conference took place on the record on that date. Because the conference occurred off the record, it would interrupt prescription only if it falls into one of the two exceptions announced by our state supreme court. See Clark, 00-3010, p. 7, 785 So.2d at 784-85.
It is undisputed that contra non valen-tem does not apply to these facts. Waiver is the only issue and the Majority’s waiver analysis falters.
|2To determine if an act of waiver has occurred, courts look behind the labels applied by the parties to determine the qualitative effect of their actions. See Clark, 00-3010, p. 7, 785 So.2d at 792; Dendy v. City Nat. Bank, 06-2436, p. 9 (La.App. 1 Cir. 10/17/07), 977 So.2d 8, 13. Here, the parties agree that on August 28, 2008, they called the trial court and jointly requested an indefinite continuance of the scheduled status conference (and all further proceedings) while they engaged in settlement talks. Importantly, the Heirs do not allege that the phone call discussed matters unrelated to continuing the case. The qualitative effect of the call was to jointly move the trial court for an indefinite continuance of the status conference.
Our recent case law states that in the waiver context “a motion for an extension of time is not an article 561 step toward prosecution of a case because is it not deemed to be an action taken to hasten judgment.” See London Livery, Ltd. v. Brinks, 08-0230, p. 5 (La.App. 4 Cir. 12/10/08), 3 So.3d 13, 16 (citing Campbell v. Hartford Ins. Co., 95-1484, p. 3 (La.App. 3 Cir. 4/3/96), 671 So.2d 1133, 1134; Donald G. Lambert Contractor, Inc. v. State, 577 So.2d 341, 342 (La.App. 1 Cir.1991)) (emphasis added).[1] When it comes to hastening an action toward judgment, I see no difference between a motion for an extension time and a motion to indefinitely continue proceedings, and neither do our sister circuits.[2] A joint |amotion to contin *1133 ue is not an attempt to hasten an action toward trial; it is not a step. I believe that the Majority’s conclusion to the contrary is incorrect.
Further, the Majority’s reliance on Dean v. Delacroix Corp., 12-0917 (La.App. 4 Cir. 12/26/12), 106 So.3d 283, is misplaced. In Dean, this Court held that a trial court order granting an unopposed motion for an indefinite continuance interrupted (“tolled”) the three-year running of abandonment. Id., 12-0917, pp. 7-8, 106 So.3d at 288.[3] Since the order on which Dean turns was an action appearing on the record, Dean does not involve waiver and is inapplicable to the instant appeal. See id., 12-0917, p. 7, 106 So.3d at 288 (identifying order on the record); cf. Clark, 00-3010, p. 7, 785 So.2d at 784-85 (noting the only two exceptions to the on the record’ requirement). It is also worth observing that not even the Dean court identified the filing of an unopposed motion to continue as the act interrupting abandonment, despite the opportunity to do so. See Dean, 12-0917, p. 7, 106 So.3d at 288.
Nevertheless, the Majority opinion purports to follow Dean. In doing so, it considerably extends the Dean court’s holding, creating a third exception to the ‘on the record’ requirement in the process. And what is that exception? Apparently that when a party fails to object to, or even joins, a motion to indefinitely continue trial proceedings, that action (or inaction) interrupts abandonment regardless whether the act appears on the record, provided that a trial date or status ^conference date was previously set. I do not think that this new exception is sustainable.
Because I believe that a motion to indefinitely continue does not constitute an act of waiver or a step hastening a case to trial, I would affirm the judgment below. For the reasons assigned, I dissent from the Majority’s opinion.

. It is immaterial that London Livery deals with post-abandonment waiver whereas the Heirs assert pre-abandonment waiver. Our Supreme Court has held pre-and post-abandonment distinction constitutes a distinction without a difference. Clark, 00-3010, pp. 17-18, 785 So.2d at 790 ("we conclude that to the extent a defendant’s conduct would amount to a waiver as an acknowledgment if taken after the abandonment period has elapsed, such pre-abandonment acknowledgment can also be established by evidence outside the record to be a waiver, which serves to recommence the abandonment period running anew”).

. See, e.g., Bourg v. Entergy La., LLC., 12-829, p. 5 (La.App. 5 Cir. 4/10/2013), 115 So.3d 45, 49 (holding that a motion to continue a hearing was not a cognizable step preventing *1133 abandonment because a continuance does not hasten a case towards judgment) (citations omitted); Hutchison v. SeaRiver Mar., Inc., 09-0410, pp. 6-7 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 993-94, writ denied, 09-2216 (La.12/18/09), 23 So.3d 946 ("[a] joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment”) (emphasis in original) (citations omitted); Campbell v. Hartford Ins. Co. of the Midwest, 95-1484, p. 3 (La.App. 3 Cir. 4/3/96), 671 So.2d 1133, 1135 (holding neither a motion nor an order for an extension of time constituted a step within the meaning of article 561); see also Reed v. Finklestein, 01-1015, p. 6 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, 1035, writ denied, 02-0550 (La.4/26/02), 814 So.2d 560 (opposing a motion to continue or filing a motion to continue to a date certain may be a step in the prosecution of a case because it evidences an intent of the parties to hasten the suit to judgment).

. To the extent that the Dean court held that an indefinite continuance is sufficient to interrupt an abandonment period, that holding is at odds with our prior case law and the plain text of article 561. See Argence, L.L.C. v. Box Opportunities, Inc., 11-1732, p. 3 (La.App. 4 Cir. 5/23/12), 95 So.3d 539, 541 (holding that article 561 "makes it clear that a party must take the [step] to move the case to final disposition, not the trial judge”) (emphasis in original); see also La. C.C.P. art. 561(A)(1) (abandonment occurs "when the parties fail to take any step in [an action’s] prosecution or defense in the trial court for a period of three years”) (emphasis and amendments added).