LOVE, J.,
dissents and assigns reasons.
Id respectfully dissent from the majority’s conclusion that the alleged “title clearing actions” taken by the Lender constitute a “step” in furtherance of the prosecution in order to hold that the Lender’s Executory Foreclosure Case was not abandoned.
“Article 561 was designed to prevent protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment.” Prestenback v. Hearn, 11-1380, p. 4 (La.App. 4 Cir. 2/22/12), 85 So.3d 256, 259.
Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription.
Id. While formal discovery not contained in the record is deemed a “step” towards lathe prosecution, there is no La. C.C.P. art. 561 exception for allegedly taking actions to clear title to property over a ti-mespan of almost four years.
The majority notes that “there is no requirement under La. C.C. art. 3366, or any other applicable provision, that a written request for cancellation of a mortgage be filed into the foreclosure proceeding or any other proceeding to be valid.” (Footnote omitted). However, this is true as to the efficacy of the cancellation of the mortgage. There is no precedent, statutorily or jurisprudential, that filing a document into the mortgage records constitutes a “step” in furtherance of the prosecution of an executory proceeding.
Further, I find Freedlander, Inc., The Mortg. People v. Certain, 623 So.2d 677, 678 (La.App. 4th Cir.1993), distinguishable because the request for a writ of seizure and sale was indeed a requirement in an executory proceeding that is included in the record of the proceedings. Freedlan-der requested that the clerk of court act in furtherance of the prosecution of the suit. In the present case, Nationstar allegedly began to clear title to the Plaintiffs’ property.[1] Nationstar did not request that the clerk of court perform any duties required in furtherance of an executory proceeding. Thus, Nationstar’s alleged “title clearing actions” do not constitute a step in the prosecution. Accordingly, I would not create another jurisprudential exception “given the unique nature of an executory proceeding.” I find that the trial court correctly held that Nationstar’s Executory Foreclosure Case was abandoned and would affirm.

. The superior lien in favor of Wells Fargo Home Mortgage, Inc. for $285,000.00 was a mortgage Nationstar was obligated to pay and obtain clear title the Property when Nations-tar was previously known as Centex Home Equity Company, LLC, which amended its articles of organization on June 27, 2006, to change its name to "Nationstar Mortgage, LLC.” However, Nationstar failed to clear title from 2006 until October 11, 2011, when Nationstar allegedly obtained the cancellation of the superior lien. Meanwhile, the amount allegedly owed by the Plaintiffs continued to increase.