DR. CARROL I. FISCHER, JR.    *    NO. 2019-CA-0337

VERSUS    *

   COURT OF APPEAL

CHAD ROGERS, CUVEE,    *

L.L.C., DECATUR HOTELS,    FOURTH CIRCUIT

LLC AND THE NEW    *

ORLEANS BOARD OF TRADE,    STATE OF LOUISIANA

LIMITED    * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-08573, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)

**CHASE, J., CONCURS WITH REASONS**

Charles E. Riley, IV
Megan S. Peterson
Lacresha D. Wilkerson
SIMON PERAGINE SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, LA 70163

    COUNSEL FOR PLAINTIFF/APPELLEE

Thomas Ainsworth Robichaux
ATTORNEY AT LAW
1317 Milan Street
New Orleans, LA 70115

    COUNSEL FOR DEFENDANT/APPELLANT

        **APPEAL CONVERTED TO WRIT;
        WRIT GRANTED; RELIEF DENIED**

            **OCTOBER 9, 2019**

In this tort case, defendant/appellant, Chad Rogers ("Rogers"), appeals the November 28, 2018 judgment of the district court, which vacated the August 9, 2018 judgment dismissing this case as abandoned. Plaintiff/appellee, Dr. Carrol I. Fischer, Jr. ("Dr. Fischer"), filed a motion to dismiss the appeal on the basis that the November 28, 2018 judgment is a non-appealable, interlocutory judgment. In a separate order, we deny the motion. Rather, for the reasons that follow, we convert the appeal to a writ, grant the writ, and deny relief.

The following procedural history is pertinent to the issues before this Court. On August 14, 2009, Dr. Fischer filed his original petition for damages. On April 28, 2015, the parties attended a scheduling conference, where trial was set on December 7, 2015. On September 28, 2015, Dr. Fischer filed an unopposed motion to continue trial without date because the parties were negotiating settlement. On September 29, 2015, the district court signed the order continuing trial. Less than three years later, on May 21, 2018, Dr. Fischer filed a motion to reset the trial, and the district court set a scheduling conference on August 15, 2018.

1

On August 6, 2018, Rogers filed an ex parte motion to dismiss the suit as abandoned pursuant to La. C.C.P. art. 561,[1] arguing that three years had elapsed since the last step taken in furtherance of the prosecution of the case. Rogers contended that the April 28, 2015 scheduling conference was the "last step," and that the September 28, 2015 motion to continue trial without date did not qualify as a step in furtherance of the prosecution of the case. On August 9, 2018, the district court rendered judgment granting Rogers' motion and dismissing the case without prejudice.

On August 17, 2018, Dr. Fischer filed a motion to set aside the order of dismissal, arguing that three years had not elapsed since the last step in furtherance of the prosecution of the case. According to Dr. Fischer's argument, the last step in the prosecution of the case was the district court's September 29, 2015 order continuing trial. The district court agreed with Dr. Fischer, and following a hearing on October 26, 2018, the district court rendered judgment on November 28, 2018 granting Dr. Fischer's motion and vacating the August 9, 2018 judgment of dismissal. The district court designated the November 28, 2018 judgment as an "appealable final Judgment in accordance with La. C.C.P. Art. 1915."[2] This appeal followed.

---

[1] As discussed further in this opinion, generally, pursuant to La. C.C.P. art. 561, "an action … is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years…"

[2] La. C.C.P. art. 1915(B)(1) provides that "[w]hen a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay."

The preliminary issue before this Court is whether we have jurisdiction over the matter before us. This appeal arises from a judgment vacating a judgment of dismissal on the grounds of abandonment. A judgment vacating a judgment of dismissal due to abandonment is a non-appealable, interlocutory judgment. *Gonzales v. Gertrude Gardner Realtors, Inc.*, 2001-1858, p. 1 (La. App. 4 Cir. 3/27/02), 815 So.2d 300, 301. The district court improperly designated the judgment as a final judgment. Designating a judgment vacating a judgment of dismissal for abandonment as final does not make the judgment appealable. *Bank of New York v. Holden*, 2015-0466, pp. 4-5 (La. App. 5 Cir. 12/23/15), 182 So.3d 1206, 1208 ("Although the trial court certified the judgment at issue as final and immediately appealable, not all rulings may be certified as final under La. C.C.P. art. 1915(B)"). We lack appellate jurisdiction over this case. *See id.*; *see also Gonzales*, 2001-1858, p. 1, 815 So.2d at 301.

"The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ." *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 2012-0906, 2012-0907, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 562 (citations omitted). In civil cases, Rule 4-3 of the Uniform Rules–Courts of Appeal allows 30 days from the date of notice of the ruling to file an application for supervisory writs. This Court has "exercised its discretion to convert an appeal of a non-appealable judgment into an application for supervisory writs" where both of the following circumstances occur:

3

> (i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
>
> (ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Lee v. Sapp*, 2017-0490, pp. 4-5 (La. App. 4 Cir. 12/6/17), 234 So.3d 122, 126 (citing *Mandina, Inc. v. O'Brien*, 2013-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104 (quoting *Delahoussaye*, 2012-0906, 2012-0907, pp. 4-5, 155 So.3d at 563))(footnotes omitted).

Here, the transcript of the October 26, 2018 hearing reflects that the district court contemplated rendering a written judgment, which the district court signed on November 28, 2018 and issued a notice of signing on December 20, 2018. The motion for appeal was filed on January 2, 2019, within 30 days of the mailing of the notice of signing, and is therefore timely to be converted to an application for supervisory writ. *See* Rule 4-3 of the Uniform Rules–Courts of Appeal; La. C.C.P. art. 1914[3]; *Kosmitis v. Bailey*, 96-1573, pp. 1-2 (La. 10/4/96), 680 So.2d 1167, 1168. Additionally, reversal of the district court's decision would terminate the litigation by dismissing the lawsuit, such that a decision on the issue before us would further judicial efficiency. We therefore convert the appeal to an application for supervisory writ, and we grant the writ for the purpose of considering the matter at this time. *See Reed v. Finklestein*, 2001-1015, p. 3 (La. App. 4 Cir. 1/16/02), 807 So.2d 1032, 1034.

---

[3] La. C.C.P. art. 1914(B) provides that "[t]he interlocutory judgment shall be reduced to writing if the court so orders, if a party requests within ten days of rendition in open court that it be reduced to writing, or if the court takes the interlocutory matter under advisement. The clerk shall mail notice of the subsequent judgment to each party."

Turning to the merits herein, the sole issue[4] before this Court is whether the district court erred in finding that Dr. Fischer's lawsuit was not abandoned. Whether a lawsuit has been abandoned is a question of law, which is subject to the *de novo* standard of review; thus, an appellate court reviews the district court's decision to determine whether it was legally correct or legally incorrect. *Rixner v. Planned Parenthood Gulf Coast, Inc.*, 2018-0897, p. 4 (La. App. 4 Cir. 4/24/19), 270 So.3d 733, 736; *Heirs of Simoneaux v. B-P Amoco*, 2013-0760, p. 3 (La. App. 4 Cir. 2/5/14), 131 So.3d 1128, 1130, *writ denied sub nom. Bergeron v. B-P Amoco*, 2014-0600 (La. 5/16/14), 144 So.3d 1035.

Article 561 of the Louisiana Code of Civil Procedure sets forth the law governing abandonment of a lawsuit, which provides in pertinent part:

> A. (1) An action … is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years …
> …
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or

---

[4] Rogers describes this issue as three "issues presented for review:"

1.  Whether the trial court erred when it granted the Plaintiff's Motion to Set Aside Order of Dismissal previously granted for abandonment of the suit.

2.  Whether a Motion to Continue Trial without Date counts as a step in the prosecution of the matter under La. C.C.P. art. 561.

3.  Whether the time between the setting of a trial and the filing of a Motion to Continue Trial without Date counts as a step in the prosecution of the matter under La. C.C.P. art. 561.

Additionally, while not specifically identified as an assignment of error or issue presented for review, Rogers raises, for the first time in his brief, arguments concerning constitutionality and statutory interpretation regarding the Separation of Powers Doctrine. Under Rule 1–3 of the Uniform Rules, Courts of Appeal, "Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." These arguments are not properly before this Court, "nor would the interests of justice be served by [this Court's] consideration of this argument for the first time on appeal." *See KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, 2011-0598, p. 6 (La. App. 4 Cir. 3/14/12), 89 So.3d 1207, 1211.

5

defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment….

"Article 561 imposes three requirements to avoid abandonment: 1) a party must take some step toward the prosecution or defense of the action; 2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record; and 3) the step must be taken within three years of the last step taken by either party." *Dean v. Delacroix Corp.*, 2012-0917, p. 6 (La. App. 4 Cir. 12/26/12), 106 So.3d 283, 287, *writ denied*, 2013-0485 (La. 4/26/13), 112 So.3d 844 (citing *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 2011-0912, pp. 4-5 (La.12/6/11), 79 So.3d 978, 981)(other citations omitted). "A 'step' is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery." *Dean*, 2012-0917, p. 7, 106 So.3d at 287 (citing *Oilfield Heavy Haulers*, 2011-0912, p. 5, 79 So.3d at 981).

A party seeking to set aside a judgment dismissing an action as abandoned must file a motion to set aside the judgment "within thirty days of the date of the sheriff's service of the order of dismissal." La. C.C.P. art. 561(A)(4).

This Court, in *Dean*, considered virtually the same question at issue in the present matter and determined that the "operative date to begin the tolling of the three-year abandonment rule" was the date the district judge "signed the order continuing both the hearing on [defendant's] exceptions and the trial date." *Dean*, 2012-0917, p. 8, 106 So.3d at 288. Consequently, when plaintiff filed a motion to reset defendant's exceptions for hearing, "the three-years since the last action taken had not yet expired." *Id.* This Court explained:

As we view the pertinent dates, prior to the filing by PPG of the motion to continue both the hearing on Delacroix's exceptions and the trial, which motion was unopposed, all parties were contemplating the case moving forward as there were dates set for hearings and trial. Once the trial court ruled on Delacroix's exceptions, the case would proceed to trial with or without Delacroix as a party. There was no further action needed by any party, such as the formal filing of pleadings, to move the case forward. Thus, it would be patently unfair to hold that the last date any action taken in this case to hasten it to judgment was June 16, 2008, when Dean filed its opposition to Delacroix's exceptions. Rather, we find the operative date to begin the tolling of the three-year abandonment rule was August 18, 2008, the date Judge Ragusa signed the order continuing both the hearing on Delacroix's exceptions and the trial date. Consequently, when Dean filed the motion to reset Delacroix's exceptions for hearing on August 5, 2011, the three-years since the last action taken had not yet expired.

*Id.*, 2012-0917, pp. 7-8, 106 So.3d at 288.

In *Simoneaux*, 2013-0760, p. 5, 131 So.3d at 1131, this Court interpreted its holding in *Dean*, stating that "[p]ut another way, the case was progressing to trial until the case was continued. . . ." Thereafter, in *Delacruz v. Anadarko Petroleum Corp.*, 2014-0433, p. 12 (La. App. 4 Cir. 12/3/14), 157 So.3d 790, 797, this Court, when considering that a trial date had already been selected, held that "the last step in the prosecution was the trial court's July 19, 2011 order continuing the trial" and, thus, a motion to set for trial filed within the three-year period for abandonment of cases under La. C.C.P. art. 561 interrupted the abandonment period. This Court explained further:

> The Louisiana Supreme Court has indicated that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *Clark v. State Farm Mut. Auto.Ins. Co.*, 00-3010, p. 8 (La. 5/15/01), 785 So.2d 779, 785; See also *Williams v. Abadie*, 03-0605, p. 4 (La. App. 4 Cir. 9/24/03), 857 So.2d 1118, 1121. Indeed, our jurisprudence has uniformly followed this principle, recognizing that "dismissal is the harshest of remedies." *Prestenback v. Hearn*, 11-1380, p. 4 (La. App. 4 Cir. 2/22/12), 85 So.3d 256, 259, *writ denied*, 2012-0942 (La. 6/15/12), 90 So.3d 1065; *Succession of Sigur v. Henritzy*, 13-0398, p. 9 (La. App. 4 Cir. 9/18/13), 126 So.3d 529, 536;

> *Brown v. Michaels Stores, Inc.*, 07-772, p. 5 (La. App. 5 Cir. 2/19/08), 980 So.2d 62, 65. Our jurisprudence also indicates that "any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-0912, p. 5 (La. 12/6/11), 79 So.3d 978, 982. See also, *Clark*, 00-3010, p. 10, 785 So.2d at 787.

*Id.*, 2014-0433, p. 7, 157 So.3d at 794.

In summary, this Court holds that where a trial date has been selected and the matter is proceeding toward that trial date, an order continuing trial qualifies as a step in the prosecution of the case, the date on which the three-year period for abandonment commences anew. We are bound by the Fourth Circuit precedent set forth in *Dean*, *Simoneaux*, and *Delacruz*.[5] Following these cases, we find that the district court's September 29, 2015 order continuing trial was a step in the prosecution of Dr. Fischer's case, and three years had not yet elapsed from this step at the time Dr. Fischer filed his motion to reset for trial on May 21, 2018. Thus, we find no error in the district court's ruling, vacating its prior judgment dismissing this case as abandoned.

Accordingly, for these reasons, we convert the appeal to a writ, grant the writ, and deny relief.

**APPEAL CONVERTED TO WRIT;**
**WRIT GRANTED; RELIEF DENIED**

---

[5] While Rogers cites to decisions in other circuits, we do not find their holdings persuasive in the face of contrary precedent in this Circuit. Moreover, his citations to older cases of the Supreme Court and this Court are distinguishable. *E.g., Viesel v. Republic Ins. Co.*, 95-0244 (La. App. 4 Cir. 11/30/95), 665 So.2d 1221; *Chevron Oil Co. v. Traigle*, 436 So.2d 530 (La. 1983); *Causey v. Caterpillar Mach. Corp.*, 2002-0746 (La. App. 4 Cir. 6/26/02), 822 So.2d 188; *Brown v. Sutherland Lumber, Inc.*, 2010-0469 (La. App. 3 Cir. 11/3/10), 53 So.3d 477; *Hutchison v. Seariver Mar., Inc.*, 2009-0410 (La. App. 1 Cir. 9/11/09), 22 So.3d 989; *Louisiana Dep't of Transp. & Dev. v. Bayou Fleet, Inc.*, 2009-1569 (La. App. 1 Cir. 4/28/10), 37 So.3d 1066, *writ granted, judgment rev'd sub nom. Louisiana Dep't of Transp. & Dev. v. Bayou Fleet, Inc.*, 2010-1215 (La. 7/2/10), 39 So.3d 585, *and writ denied as moot*, 2010-1003 (La. 7/2/10), 39 So.3d 587; *Oliver v. Oliver*, 95-1026 (La. App. 3 Cir. 3/27/96), 671 So.2d 1081.