932 So.2d 719 (2006)
Deone MEYERS On Behalf of Her Minor Daughter, Kiyante MEYERS
v.
CITY OF NEW ORLEANS, New Orleans Department of Streets and Downtown Development District.
No. 2005-CA-1142.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2006.
*720 Rudy W. Gorrell, Jr., The Law Office of Rudy W. Gorrell, Jr., Lafayette, LA, for Plaintiff/Appellant.
Sherry S. Landry, Former City Attorney  Parish of Orleans, Shawn Lindsay, Heather M. Valliant, Assistant City Attorneys  Parish of Orleans, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, Jr., Judge EDWIN A. LOMBARD).
PATRICIA RIVET MURRAY, Judge.
Plaintiff, Deone Meyers, appeals the trial court's denial of her motion to vacate the court's ex parte order dismissing her case on account of abandonment. For the reasons that follow, we affirm.
On March 12, 1993, Ms. Meyers filed the instant suit on behalf of her minor daughter, Kiyante Meyers, against the City of New Orleans [hereinafter "the City"] and the Downtown Development District, alleging defendants were liable for injuries her daughter suffered when she fell in an uncovered street hole while attempting to board a city bus. On June 20, 2001, the trial court granted summary judgment in favor of the Downtown Development District, dismissing plaintiff's case against it. On July 23, 2004, the City filed a motion to *721 dismiss the plaintiff's case for want of prosecution for three years pursuant to Louisiana Code of Civil Procedure article 561; the trial court signed the attached order of dismissal the same day. Plaintiff then filed a motion to vacate and set aside the dismissal. On April 29, 2005, the trial court heard the motion and rendered judgment denying it, confirming its dismissal with prejudice of plaintiff's case. Plaintiff filed a motion for new trial, which was denied, and this appeal followed.
On appeal, plaintiff argues that the parties reached a verbal agreement settling the case on the morning of June 27, 2001, just prior to the commencement of the trial, which was noted on the trial court's docket sheet for that day. Plaintiff further argues that City's counsel then failed to prepare a judgment reflecting the settlement and further failed to remit the settlement funds, for a period of time exceeding three years. Plaintiff contends that these circumstances do not warrant the dismissal of her suit for failure to prosecute or abandonment.
The sole issue on appeal is whether the trial court erred by finding that the plaintiff's suit was abandoned according to the precepts of La. C.C.P. art. 561. Whether an action has been abandoned is a question of law; thus, the standard of review of the appellate court is simply to determine whether the lower court's interpretive decision is correct. Olavarrieta v. St. Pierre, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568, writ denied, XXXX-XXXX (La.12/16/05), 917 So.2d 1118.
La. C.C.P. art. 561 provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of abandonment. . . .
* * *
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
This court has held that Article 561 imposes three requirements on a plaintiff to avoid abandonment: (1) The plaintiff must take some "step," which is defined as any formal action before the court intended to hasten the suit toward judgment, in the prosecution of the lawsuit; (2) The step must be taken in the proceeding, and with the exception of formal discovery, must appear in the record of the suit; and (3) The step must be taken within the legislatively prescribed time period of the last step taken by either party. Olavarrieta, supra, at p. 4, 902 So.2d at 569 (citing Clark v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784).
There are two judicially recognized exceptions to the abandonment rule. The first exception, based on the concept of contra non valentum, applies where the plaintiff is prevented by circumstances beyond the plaintiff's control from prosecuting a case. The second exception applies where the defendant has waived the right *722 to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Olavarrieta, supra, pp. 4-5, 902 So.2d at 569 (citing Clark, supra, at p. 7, 785 So.2d at 784-85).
Plaintiff herein does not specifically argue that one of the above exceptions is applicable to the instant case. Rather, plaintiff contends that she could not take any step in the prosecution of the case because the case was settled, and there were no further steps to be taken. We cannot accept plaintiff's argument, however, because no evidence of the settlement is contained in the record.
Attached to plaintiff's brief on appeal is an unauthenticated copy of a document with the heading:
 Honorable Madeleine M. Landrieu
 Trial Docket for 6/27/2001
The first entry contains the title of the instant case, the names and phone numbers of the attorneys involved, and the following notation:
Trial remarks: BENCH TRIAL ONE DAY
Disp. Date: 6/27/2001
Disp.: Settled  Final
Disp. Remarks: $12,500.00 INT TO RUN WITH IN 30 DAYS
The plaintiff relies on this trial docket notation as evidence that the case was settled, but this document is not part of the record on appeal, as it was merely attached to plaintiff's brief; there is no indication that it was submitted to the trial court as evidence on the motion to vacate or the motion for new trial. Even if we could take judicial notice of its existence as a public document, it shows only that a verbal settlement agreement was reached between the parties' counsel on July 20, 2001. However, the law is clear that in order for a settlement to be binding or enforceable, it must be in writing. See La. C.C. art. 3071. Moreover, it has been held that evidence of settlement negotiations, which consisted only of written correspondence between attorneys, was not sufficient to warrant reversal of the trial court's prior order dismissing the case on grounds of abandonment. Lizama v. Williams, 99-1040 (La. App 5 Cir. 3/22/00), 759 So.2d 865. The Lizama court reasoned that no binding settlement existed until an agreement was reduced to writing and signed by the parties, and further, that ongoing settlement negotiations did not relieve the parties of their duty to protect the court record by taking timely steps on the record to avoid abandonment.
In the instant case, even if we were to consider the trial court docket sheet notation of settlement to be a "step" in the prosecution or defense of the case, it would be insufficient to overturn the trial court's order of abandonment because the order was rendered July 23, 2004, more than three years after the date on the docket sheet. We therefore do not reach the issue of whether the docket sheet notation constitutes a "step" pursuant to La. C.C.P. art. 561. However, we do find that a verbal settlement agreement does not relieve the parties of their responsibility to protect the record by filing a written confirmation of settlement within at least three years of the last "step" in the case to avoid abandonment. The fact that the plaintiff's counsel was relying upon his opposing counsel to prepare a judgment did not prevent plaintiff's counsel from filing some pleading to force the opposing party to honor the settlement agreement before the passage of three years.
We therefore hold that the trial court correctly denied the motion to vacate its prior order of abandonment. Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED
TOBIAS, J., Concurs in the Result and Assigns Reasons.
*723 TOBIAS, J., Concurs in the Result and Assigns Reasons.
I respectfully concur in the result.
Although the result in this case may appear harsh, this Court is required to enforce the law. The Court of Appeal is a court of record. The Court cannot consider a document that is not part of the record on appeal. The minute entry of the trial court showing a purported settlement of the case for $12,500.00 plus judicial interest to commence 30 days hence is not part of the record on appeal. The appellant attaches a copy of the purported minute entry to her brief; she did not seek to supplement the record on appeal with a certified copy of the minute entry. Whether a certified copy of a minute entry properly made part of the record on appeal is sufficient to interrupt the three-year abandonment period of La. C.C.P. art. 561 is not properly before this Court at this time.