DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-794

GERALD BORDELON, ET AL.

VERSUS

CITY OF ALEXANDRIA

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,159
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and  J. David Painter, Judges.

REVERSED AND REMANDED.

Leo C. Hamilton
P.O. Box 3197
Baton Rouge, LA
Counsel for Defendant-Appellant:
        The City of Alexandria

Howard B. Gist, III
4119 Parliament Dr.
Alexandria, LA 71303
Counsel for Defendant-Appellant:
        The City of Alexandria

Steven P. Mansour
P.O. Box 13557

Alexandria, LA 71315
**Counsel for Plaintiffs-Appellees**
**Gerald Bordelon, et al.**

Loren M. Lampert
P.O. Box 3020
Alexandria, LA 71315
**Counsel for Plaintiffs-Appellees**
**Gerald Bordelon, et al.**

PAINTER, Judge.

Defendant, the City of Alexandria (the City), appeals the judgment of the district court dismissing its appeal of a grievance filed by Plaintiffs with the Alexandria Civil Service Commission (the Commission) for failure to prosecute. Finding that the matter was under advisement by the district court during the period of inaction, we reverse the district court and remand for further proceedings.

**FACTS**

This matter arises out of a grievance filed by Plaintiffs, Gerald Bordelon and Glenn Pryor, Sr. along with other non-union employees of the City, with the Commission asserting that they had been discriminated against by the City's pay practices. The Commission found in favor of Plaintiffs. The City appealed that ruling to the Ninth Judicial District Court for the Parish of Rapides. The district court gave a deadline of March 2, 2001, for filing Pre-trial memoranda and of March 16, 2001, for responses. Briefs were timely filed, and a hearing was set for August 22, 2001. The City moved for and was granted a stay of the appeal pending the resolution of the appeal in a companion case in August 2001. That stay was lifted on November 5, 2003. On July 15, 2004, the court ordered Plaintiffs to "file briefs as to why the appeal issue should not be treated in the same manner as Civil Suit No. 194,707 by July 30, 2004. Any response by Defendants to be submitted by August 16, 2004." The City filed a Supplemental Appeal Brief on September 17, 2007. The district court judge assigned to the case retired during this period. On December 13, 2007, Plaintiffs moved to dismiss the appeal for lack of prosecution, and the motion was granted. The City moved to set aside the dismissal asserting that dismissal for lack of prosecution was not appropriate because the district court had the matter under advisement after the filing of briefs ordered by the court on July 15, 2004. The

1

district court found that the record contained no documentary evidence to show that the matter was taken under advisement. As a result, the motion to set aside the dismissal was denied. The City appeals that decision.

**DISCUSSION**

"Whether an action has been abandoned is a question of law; thus, the standard of review of the appellate court is simply to determine whether the lower court's interpretive decision is correct." *Meyers ex rel. Meyers v. City of New Orleans*, 05-1142, p. 2 (La.App. 4 Cir. 5/17/06), 932 So.2d 719, 721, *writ denied*, 06-1530 (La. 9/29/06), 937 So.2d 867, *citing Olavarrieta v. St. Pierre*, 04-1556,(La.App. 4 Cir. 5/11/05), 902 So.2d 566, *writ denied*, 05-1557 (La.12/16/05), 917 So.2d 1118. The law allowing dismissal for abandonment where no step in the prosecution has been taken for three years is not applicable to cases that have been submitted for decision or taken under advisement by the court. *See Putsch v. Straughan*, 397 So.2d 38 (La.App. 2 Cir. 1981), *writ denied*, 401 So.2d 976 (La.1981), *Succession of Moody*, 306 So.2d 869 (La.App. 1 Cir. 1974), *writ denied*, 310 So.2d 639 (La.1975).

In this case, after the stay was lifted the district court issued the following:

MEMORANDUM FOR DEADLINES

The Court order that Plaintiffs file briefs as to why the appeal issue should not be treated in the same manner as Civil Suit No. 194, 707 by July 30, 2004. Any response by Defendants to be submitted by August 16, 2004.

ALEXANDRIA, Louisiana, this 15 day of July, 2004.

/s/ W. Ross Foote
W. ROSS FOOTE, JUDGE

There is no indication that a contradictory hearing was required or desired with regard to this issue. Our reading of the record convinces us that the district court took this matter under advisement and that it was misplaced or forgotten in the transition

2

while one judge stepped down and was replaced by another.  Accordingly, we find that the law with regard to abandonment for failure to prosecute is not applicable here.

## CONCLUSION

The judgment of the district court dismissing Defendant's appeal is reversed and the case is remanded for further proceedings.  Costs of this appeal are assessed to Plaintiffs.

**REVERSED AND REMANDED.**