DANIEL L. DYSART, Judge.
| TAppellants, the heirs of Lydia Berger-on, wife ofiand Sidney J. Simoneaux Family Land Partnership, LP (hereinafter “the heirs”), appeal a judgment which dismissed their suit as abandoned pursuant to La.Code Civ. Proc. art. 561. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
BACKGROUND:
The original petition in this case was filed in December of 1999, and amending petitions were filed in 2000, 2001 and 2004. No answers were filed to any of the petitions. The designated record before us does not indicate that any action was taken in the case until counsel for plaintiffs filed a Motion for Status Conference and Case Management Order on March 26, 2008. In the motion, counsel states that a status conference was needed to establish deadlines “so as to put the case back on track for resolution.” The trial court set the conference for August 28, 2008.
| ¡Although the status conference did not take place on the scheduled date, the parties agree that a telephone conference was held with the trial court on August 28, *1130 2008. The parties also agree that the telephone conference call resulted in an indefinite continuance of the status conference (and all further proceedings in the case) to allow the parties to discuss settlement. The heirs contend that the judge participated in the call and that the parties agreed to consider the telephone conference a step in the prosecution, but appel-lees do not agree on those two points. There is no minute entry or order in the record memorializing the August 28, 2008 telephone conference call.
On August 23, 2011, the heirs filed a Motion for Status Conference again suggesting that one was needed to put the case back on track. The conference was set for October 18, 2011. On September 2, 2011, appellees filed an Ex Parte Motion to Dismiss on Grounds of Abandonment asserting that there had been no step in the prosecution or defense of the case since March of 2008. The trial court dismissed the case on September 7, 2011, retroactive to March 26, 2008.[1]
The heirs moved to vacate or set aside the order of dismissal. Alternatively, the heirs petitioned to annul the order of dismissal for fraud or ill practices by the appellees. The trial court denied the motion to set aside, and this appeal followed.
DISCUSSION:
The sole issue on appeal is whether the trial court erred in finding the heirs’ suit was abandoned according to the precepts of La.Code Civ. Proc. art. 561. Whether an action has been abandoned is a question of law; thus the standard of review of the appellate court is simply to determine if the trial court’s decision was correct. Meyers ex rel. Meyers v. City of New Orleans, 05-1142, p. 2 (La.App. 4 Cir. 5/17/06), 932 So.2d 719, 721.
Louisiana Code of Civil Procedure art. 561 sets forth the law governing abandonment of a lawsuit. It provides in pertinent parts:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(a) In which a testament has been probated.
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
There are three requirements imposed by Art. 561 to avoid abandonment: 1) a party must take a step toward the prosecution or defense of the action; 2) the step |4must be taken in the proceeding and, with the exception of formal discovery, *1131 must appear in the record; and 3) the step must be taken within three years of the last step taken by either party. Dean v. Delacroix Corp., 12-0917, p. 6 (La.App. 4 Cir. 12/26/12), 106 So.3d 283, 287, writ denied, 13-0485 (La.4/26/13), 112 So.3d 844 (citing La. Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912, pp. 4-5 (La.12/6/11)), 79 So.3d 978, 981.
A “step” is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. Id. at p. 7, 106 So.3d at 287; Meyers, 05-1142, p. 3, 932 So.2d 719, 721. There are two judicially recognized exceptions to the abandonment rule. The first exception is based on the doctrine of contra non valentem, and applies where the plaintiff is prevented by circumstances beyond his control from prosecuting a case. The second exception applies where the defendant has waived his right to assert abandonment by taking actions inconsistent with an intent to consider the case abandoned. Meyers, 05-1142, p. 3, 932 So.2d 719, 721-22; Olavarrieta v. St. Pierre, 04-1556, pp. 4-5 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 569.
The trial court in this case found that the controlling date to begin the tolling of the three-year abandonment period was March 26, 2008, the date counsel for the heirs filed a motion for a status conference. We disagree that the filing of the motion was the last step in the prosecution. Rather, similar to the facts of Dean, we find that because counsel for the heirs indicated in the motion that he was seeking to have deadlines set to begin moving the case forward, the date on which the status conference was set and the telephone conference call conducted was the last step in the prosecution.
| BIn Dean, the parties agreed to a trial date of November 3, 2008. Prior to trial, defendant Delacroix filed exceptions, to which plaintiff, Dean, and codefendant, Plaquemines Parish, filed oppositions. Dean filed his opposition on June 16, 2008. On August 14, 2008, Plaquemines Parish filed a motion to continue the hearing on the exceptions and the trial. Neither Dean nor Delacroix opposed the motion. The trial court signed the order of continuance on August 18, 2008. Almost three years later, on August 15, 2011, Dean filed a motion to set Delacroix’s exceptions for hearing. Delacroix responded with a motion to dismiss the suit pursuant to La. Code Civ. Proc. art. 561. It argued that the last step in the prosecution was on June 16, 2008, when Dean filed his opposition to the exceptions.
This Court held that it would be inherently unfair to Dean to start the tolling of the three-year abandonment period on June 15, 2008, when Dean had already obtained a trial date of November 3, 2008 — the ultimate step in the prosecution of the case. Put another way, the case was progressing to trial until the case was continued on August 18, 2008. For that reason, this Court held that the date to begin the tolling of the three-year abandonment period was August 18, 2008. Therefore, when Dean moved to reset the exceptions for trial on August 15, 2011, he was within the statutory three-year period.
Applying Dean to the facts of this case, we find that August 28, 2008, is the date to begin the tolling of the three-year period. To consider the tolling period to have begun on March 26, 2008, the date the motion for status conference was requested would be inherently unfair, as the motion for status conference specifically requested to have deadlines set and to “put the case back on track.” This clearly evinces a desire to move the case forward to prosecution.
*1132 | (¡Accordingly, we reverse the Order of Dismissal and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.
JENKINS, J., Dissents with Reasons.

. The Order of Dismissal states the abandonment was effective March 26, 2011. We understand this to be a typographical error and take judicial notice of same.