**Corrected Copy**

| | | |
|---|---|---|
| **HARMONIA LLC, ET AL** | * | **NO. 2023-C-0579** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **FELICITY PROPERTIES CO,** | * | |
| **LLC, ET AL** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-8669, DIVISION "E"
Honorable Omar Mason, Judge
**\* \* \* \* \* \***
**Judge Karen K. Herman**
**\* \* \* \* \* \***

(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Karen K. Herman)

Martin E. Golden
KEOGH, COX & WILSON, LTD.
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821

      COUNSEL FOR RELATOR/DEFENDANT

Paul Verlander
TAYLOR, WELLONS, POLITZ & DUHE
1555 Poydras Streeet, Suite 2000
New Orleans, Louisiana 70112

Gino J. Rendeiro
KAVANAGH & RENDEIRO
825 Baronne Street
New Orleans, Louisiana 70113

      COUNSEL FOR RESPONDENTS/PLAINTIFFS

            **WRIT GRANTED; JUDGMENT REVERSED**
                        **OCTOBER 16, 2023**

KKH
RML
DNA

Relator-Defendant, 1581 Magazine Street, LLC ("Relator"), seeks supervisory review of the trial court's August 3, 2023 judgment, which denied its motion to dismiss based upon abandonment. For the following reasons, we grant the writ application and reverse the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

On September 8, 2017, Plaintiffs-Respondents, Harmonia, LLC and Deveney Communications Consulting, LLC (the "Respondents") filed a petition for damages against Relator, Felicity Property Co., LLC ("Felicity"), Howard Pile Driving Company, Inc., Palmisano Contractors, LLC ("Palmisano") and StudioWTA, LLC ("Studio") alleging that they sustained damages as a result of a construction project occurring at a nearby property. This suit is entitled *Harmonia, LLC and Deveney Commc'n. Consulting, LLC v. Felicity Prop. Co., LLC, Howard Pile Driving Co., Inc., Palmisano Contractors, LLC, and Studio WTA, LLC*, bearing Civil District Court No. 2017-08669 ("the *Harmonia* case").

Additionally, John Harkins and Harkins, the Florist of Louisiana, Inc. (collectively, the "Harkins Plaintiffs"), who were owners of another neighboring property, filed a separate suit alleging the same cause of action against Relator,

1

Felicity, Palmisano, and Winingder Enterprises, LLC ("Winingder"). This action was entitled *John Harkins and Harkins, the Florist of Louisiana, Inc v. Felicity Prop. Co., et al,* bearing Civil District Court No. 2017-9380 ("the *Harkins* case").

The two cases were consolidated in June 2018. Respondents voluntarily dismissed Studio from the lawsuit on June 26, 2019.

Thereafter, Winingder and Felicity, who are not parties to this writ, filed a motion for partial summary judgment asserting that the Harkins Plaintiffs were not entitled to recover economic damages (loss of sales and loss of business revenue). The trial court granted the motion for partial summary judgment. On January 17, 2020, the Harkins Plaintiffs appealed the summary judgment granted in favor of Winingder and Felicity. This Court affirmed the trial court's judgment.[1] The Harkins Plaintiffs voluntarily dismissed its lawsuit in April 2021.

On June 27, 2022, Relator filed an *ex parte* motion to dismiss on the basis of abandonment, claiming that no steps were taken in the prosecution of this case (*Harmonia*) for more than three years. On August 1, 2022, the trial court issued an order denying the motion to dismiss due to abandonment; the trial court judge handwrote his reasons on the order denying the motion to dismiss based on *abandonment*. The handwritten reasons stated, "motion for devolutive appeal filed January 17, 2020, by [the Harkins Plaintiffs]; so not ripe for abandonment."

On January 23, 2023, Respondents filed motions to substitute counsel of record and for a status conference.

On May 3, 2023, Relator filed another motion to dismiss based on abandonment. Relator reiterated the same basis for abandonment that was filed in

---

[1] *See Harmonia, LLC v. Felicity Prop. Co., LLC,* 2020-0253 (La. App. 4 Cir. 11/25/20), 311 So.3d 521. Because the cases were consolidated, when the Harkins' appeal was filed with this Court, the case was captioned *Harmonia et al.*

the June 27, 2022 motion to dismiss on the basis of abandonment that was denied. Relator claimed that no steps were taken in the prosecution of the *Harmonia* case for more than three years, and the Harkins Plaintiffs' appeal did not affect the running of the abandonment period as to Harmonia.

On July 13, 2023, the trial court held a hearing on the motion. The trial court denied Relator's motion, finding that "the steps that were taken with respect to the Harkin[s] case interrupted the period for abandonment" in the *Harmonia* case.

This writ application followed.

**APPLICABLE LAW AND DISCUSSION**

Relator argues that the trial court erred denying its motion to dismiss and concluding that the filing of the appeal in the *Harkins* case were steps taken in the prosecution by Respondents and thus was sufficient to interrupt the accrual of abandonment. Relator notes that the Harkins Plaintiffs' appeal was not related to the property damage claim which caused these cases to be consolidated, but that appeal was relating to the Harkins Plaintiffs' claims of lost sales and business economic loss. Relator argues that the appeal relating to the *Harkins* case was not a step in the prosecution of the *Harmonia* case because, although consolidated, the cases maintained their separate procedural entity. It contends nothing done by the Harkins Plaintiffs, the motion for summary judgment nor the appeal, interrupted the three year abandonment period for the *Harmonia* case.

On the other hand, Respondents argue that the appeal filed in the Harkins Plaintiffs' case served as a step in the prosecution of both the Harkins Plaintiffs' case and Respondents' case. Respondents contend that Louisiana courts have recognized steps taken in the prosecution of a claim in one of two parallel actions

3

will serve to preserve both actions pursuant to *Reed v. Pittman*, 242 So.2d 554 (La. 1970).

Whether an action has been abandoned is a question of law; thus the appellate court must determine if the trial court's interpretative decision is correct. *Jacobs v. Metzler-Brenckle*, 2020-0585, p.17 (La. App. 4 Cir. 5/26/21), 322 So.3d 347, 359 *writ denied*, 2021-00911 (La. 10/19/21), 326 So.3d 257; *Heirs of Simoneaux v. B-P Amoco,* 2013-0760, p. 3 (La. App. 4 Cir. 2/5/14), 131 So.3d 1128, 1130. "Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal." *Williams v. Montgomery*, 2020-01120, p. 6 (La. 5/13/21), 320 So.3d 1036, 1042.

"La. C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years…" *Jacobs,* 2020-0585, p. 16, 322 So.3d at 358. "Abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order." *Id.; Clark v. State Farm. Mut. Auto. Ins. Co.,* 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784. "There are three requirements imposed by La. C.C.P. art. 561 to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party." *Heirs of Simoneaux,* 2013-0760, p. 3-4, 131 So.3d at 1130-1131; *Williams*, 2020-01120, p. 5, 320 So.3d at 1041; *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.,* 2011-0912, p. 4 (La. 12/16/11), 79 So.3d 978, 981. "A "step" is a formal action

4

before the court intended to hasten the suit toward judgment or is the taking of formal discovery." *Heirs of Simoneaux*, 2013-0760*,* p. 4, 131 So.3d at 1131; *Williams,* 2020-01120, p. 5, 320 So.3d at 1041; *James v. Formosa Plastics Corp. of La,* 2001-2056 p. 4 (La. 4/3/02), 813 So.2d 335, 338. "Sufficient action by either plaintiff or defendant will be deemed a step." *Williams,* 2020-01120, p. 5, 320 So.3d at 1041; *Louisiana Dep't of Transp. & Dev.*, 2011-0912, p. 5, 79 So.3d at 981.

"Abandonment is not a punitive concept; rather, it is a balancing concept. Abandonment balances two equally sound, competing policy considerations: (1) the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." *Clark*, 2000-3010, p. 10-11, 785 So.2d at 787; *Jacobs,* 2020-0585, p. 17, 322 So.3d at 358-359; *Williams,* 2020-01120, p. 5, 320 So.3d at 1041.

The underlying policy of the abandonment article seeks to "prevent protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment." *Williams,* 2020-01120, p. 5, 320 So.3d at 1041; *Louisiana Dep't of Transp. & Dev.*, 2011-0912, p. 5, 79 So.3d at 981. "Abandonment is a device that the legislature adopted to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue." *Clark*, 2000-3010, p. 9, 785 So.2d at 786. "To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by La. C.C.P. art. 561 on the proper procedure to utilize to obtain an *ex parte* order of dismissal." *Clark*,

5

2000-3010, p. 6, 785 So.2d at 784. "If, despite some action by the defendant during the three-year period that arguably constitutes a waiver, the judge signs the *ex parte* dismissal order, the proper procedural mechanism is for the plaintiff to rule the defendant into court to show cause why the *ex parte* dismissal should not be vacated, alleging that the court inadvertently dismissed the suit without noticing that a party has taken a step in the prosecution or defense of the suit within the previous three years." *Id.*

"Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims." *Williams,* 2020-01120, p. 5-6, 320 So.3d at 1041; *Clark*, 2000-3010, p. 10, 785 So.2d at 786. "When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, the logical inference is that the party intends to abandon the claim and the law gives effect to this inference." *Clark*, 2000-3010, p. 10, 785 So.2d at 786-787. "The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit." *Clark*, 2000-3010, p. 8, 785 So.2d at 785; *Louisiana Dep't of Transp. & Dev.*, 2011-0912, p. 5, 79 So.3d at 981-982. "Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." *Louisiana Dep't of Transp. & Dev.*, 2011-0912, p. 5, 79 So.3d at 982; *Clark*, 2000-3010, p. 10, 785 So.2d at 787. "The intention of La. C.C.P. art. 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff s inaction during the three-year period has clearly demonstrated his abandonment of the case." *Louisiana Dep't of Transp. & Dev.*, 2011-0912, p. 5, 79

So.3d at 982. "For the purpose of determining abandonment, the intent and substance of a party's actions matter far more than technical compliance." *Louisiana Dep't of Transp. & Dev.*, 2011-0912, p. 5-6, 79 So.3d at 982.

In *Reed*, 242 So.2d 554, the case cited by Respondents, the plaintiff-subcontractor filed a lawsuit against the general contractor in Division E of the trial court for money owed to him from the general contractor on December 23, 1954. The general contractor filed a separate lawsuit against the Housing Authority to recover for all materials furnished and all worked performed by him and the subcontractors, which included the plaintiff. The second lawsuit was filed in Division F of the trial court. *Id.* at 555. The lawsuits were consolidated on October 23, 1956, and soon after the consolidation, the general contractor instituted a third party-demand against the plaintiff-subcontractor in the second lawsuit (Division F). The plaintiff-subcontractor filed a reconventional demand in the second lawsuit (Division F) and reasserted the same claim filed in his original suit (Division E) on October 10, 1958. Also, in the reconventional demand, the plaintiff-subcontractor reiterated his right to have his claim adjudicated in Division E of the trial court, instead of Division F.

After several proceedings in the second lawsuit held in Division F of the trial court, the plaintiff-subcontractor moved to set the Division E case for trial on April 16, 1962. Multiple continuances were filed throughout the years, and in 1968, the general contractor filed a rule to show cause why the proceeding should not be dismissed as abandoned because no action had been taken in the Division E suit from 1956 to 1962, a period exceeding five years.[2]

---

[2] At the time, La. C.C.P. art. 561 provided a five year abandonment period. *Reed v. Pittman*, 242 So.2d 554, 557 (La. 1970).

Both the trial court and the court of appeal granted the motion to dismiss based on abandonment. However, the Louisiana Supreme Court held that the plaintiff-subcontractor's suit against the general contractor in Division E was not abandoned based on the actions taken in the consolidated action in Division F. The *Reed* Court acknowledged that "suits consolidated for trial … retain their separate identities for procedural purposes, such as requiring separate judgments." *Id*. at p. 557. However, the Louisiana Supreme Court found that this concept was "not relevant" in this case and held that "when ... separate suits are consolidated for trial, steps in the prosecution or defense of the consolidated proceedings *may* be regarded as taken not only in the principal suit but also in others consolidated for trial with it." *Id*. at 558 (emphasis added).

In *Williams*, 2020-01120, 320 So.3d 1036, the plaintiff filed suit against her landlord and the landlord's liability insurer for injuries she sustained as a result of a fall that occurred in the property that she rented from the landlord. The plaintiff served the liability insurer with the petition but withheld service on her landlord. The liability insurer filed an answer, and the record reflected that was the only action taken in the case. On separate occasions, the liability insurer and landlord filed a motion to dismiss based on abandonment as to the landlord. The trial court granted both parties' motion to dismiss based on abandonment. The court of appeal reversed, finding that the liability insurer's answer was a formal action taken in the trial court and was effective to interrupt abandonment as to all parties, including the landlord. *Id*. at p. 4, 320 So.3d at 1040. However, the Louisiana Supreme Court held that the plaintiff's action against her landlord was abandoned because no step was taken in the prosecution or defense of the original action against the landlord that operated to interrupt the abandonment period. It further held that since the

landlord was not served with the original petition within the abandonment period, any step taken by or against the liability insurer did not operate to interrupt the abandonment period as to the landlord. *Id*. at p. 10, 320 So.3d at 1044.

In the case at hand, the trial court erred in denying Relator's motion to dismiss based upon abandonment. Contrary to Respondents' assertion, the facts in the instant case are distinguishable from *Reed*. In *Reed*, the plaintiff-subcontractor filed a reconventional demand reiterating his claims in the first lawsuit, and that case involved two lawsuits with similar parties in two different divisions of the trial court. Here, the consolidation of the two cases involved one of the parties, the Harkins Plaintiffs, filing an appeal in January 2020 relating to economic damages not their common suit of property damage. It is undisputed that Respondents were not an actual party to the appeal. In fact, the Fourth Circuit in the *Harkins* appeal noted although the *Harkins* case was consolidated with the *Harmonia* case, the *Harmonia* case was not at issue in the appeal.[3] The appeal nevertheless included Respondents' name in the caption because the cases were consolidated. Furthermore, the Harkins Plaintiffs' appeal was resolved in November 2020, and the Harkins Plaintiffs voluntarily dismissed the lawsuit in April 2021. Therefore, the trial court erred in denying the motion to dismiss based on abandonment.

---

[3] The Fourth Circuit stated:

> In February 2019, the trial court granted a motion of one of the defendants to transfer and consolidate [the Harkins Plaintiffs''] suit with *Harmonia, LLC and Deveney Communications Consulting, LLC v. Felicity Property Co., LLC, Howard Pile Driving Company, Inc., Palmisano Contractors, LLC, and Studio WTA, LLC*, Civil District Court No. 2017-08669. The *Harmonia* suit, which was filed by another neighboring property owner, is not at issue on this appeal.

*Harmonia, LLC*, 2020-0253, p. 1, n. 1, 311 So.3d at 523.

Moreover, while the facts in *Williams* are not analogous to the present case, the record, like in *Williams*, shows three years of inaction on the part of Respondents. In *Williams*, the plaintiff served only one of the two defendants and took no step in the prosecution of the case against the other defendant for three years. The Louisiana Supreme Court held that the step (filing of the answer) by one of the defendants did not operate to interrupt the abandonment period as to the other unserved defendant. *Williams*, 2020-01120, p. 10, 320 So.3d at 1044.

Here, the last step taken by Respondents was on June 26, 2019. The January 2020 appeal filed by the Harkins Plaintiffs did not interrupt the three year abandonment period for Respondents. Although the cases were consolidated, as noted herein, consolidation does not cause the cases to lose its status as procedural entities. Respondent took no step in the prosecution or defense of the case within three years of the filing of a motion for voluntary dismissal. There is nothing in the record outside of Respondents' reliance on the appeal of the Harkins Plaintiffs that showed any step taken by Respondents between June 26, 2019, and June 26, 2022.

The *Harmonia* case was abandoned as a matter of law on June 26, 2022. The trial court erred in denying the motion to dismiss based on abandonment. Accordingly, Relator's writ application is granted and the trial court judgment is reversed.

**CONCLUSION**

For the above stated reasons, we grant the writ application and reverse the trial court's August 3, 2023 judgment denying the motion to dismiss.

**WRIT GRANTED; JUDGMENT REVERSED**

10