412 So.2d 1291 (1982)
Beverly Ann Samuelson KATZ
v.
Norman Edward KATZ.
No. 81-C-2011.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
Charlotte A. Hayes and A. D. Freeman, of Satterlee, Mestayer & Freeman, New Orleans, for plaintiff-applicant.
*1292 Maury A. Herman, of Herman & Herman, New Orleans, for defendant-respondent.
DIXON, Chief Justice.
On the application of plaintiff, Beverly Ann Samuelson Katz, we granted writs to consider the ruling of the court of appeal in denying plaintiff's motion to dismiss the appeal.
Plaintiff, separated (and subsequently divorced) from her husband, Norman Edward Katz, filed this action for a declaratory judgment, seeking to establish that property purchased by her husband, Norman Edward Katz, prior to the separation was property of the community (formerly) existing between them.
Plaintiff's petition named her husband, Norman Edward Katz, his sister, Ellen Katz Miller, their father, Solomon Katz, and the Columbia Homestead Association as defendants. Maury Herman filed an answer on behalf of all the defendants and exceptions on behalf of all except Norman.
Reasons for judgment were rendered on December 23, 1980, and a judgment in the case was rendered, signed and filed on the same day declaring in favor of the plaintiff and against the defendant, Norman Edward Katz, that the property involved belonged to the community formerly existing between Beverly and Norman Katz.
On January 5, 1981, within the delay for applying for a new trial (C.C.P.1974), the attorney for Norman Katz filed a motion styled "Motion to Amend Judgment." The grounds for the motion were stated: "The Court has failed to render a judgment against all of the defendants, namely, Solomon Katz, Ellen Raye Miller and Columbia Homestead Association ..." The motion contains a certificate that it had been served by mail on the attorney for Beverly. On February 2, 1981, the trial judge signed a "Supplemental Judgment" which stated only that:
"The Judgment of December 23, 1980 is hereby supplemented as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the proceedings brought against Columbia Homestead Association and Ellen Raye Miller be and they are hereby dismissed.
JUDGMENT, READ, RENDERED AND SIGNED this 2nd day of February, 1981 at New Orleans, Louisiana."
On February 6, 1981, the plaintiff filed a "Motion to Recall Supplemental Judgment," contending that there was no authority for "supplementing" the judgment of December 23, 1980. A written opposition to that motion was filed on behalf of Norman Katz in which he pointed out that he had requested, in his motion to amend, a reservation "that Norman Katz's rights to file for a new trial would be preserved."
On February 10, 1981, a "Motion to Amend Supplemental Judgment" was filed, noting that the trial judge had "inadvertently failed to dismiss Solomon Katz," one of the named defendants. On April 8, 1981 a "Second Supplemental Judgment" was signed which stated:
"The judgments of December 23, 1980 and February 2, 1981 are hereby supplemented as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the proceedings brought against Solomon Katz be and they are hereby dismissed.
JUDGMENT READ, RENDERED AND SIGNED this 8th day of April, 1981 at New Orleans, Louisiana."
On May 12 plaintiff filed a "Motion to Recall the Supplemental Judgment," claiming that it was a "nullity." Plaintiff had already filed a "Motion for a New Trial" on April 16, 1981, claiming error in the substance of the trial court's judgment. That motion was met with an "opposition" and a memorandum on May 12. The opposition to the motion for a new trial claimed that the December 23, 1980 judgment had become final, since the judgment of December 23, 1980 must be considered as having dismissed plaintiff's demand against those defendants not mentioned in the judgment, because demands passed over in silence in the final judgment are considered rejected in the absence of a special reservation. *1293 Plaintiff contends that Norman Katz' time to take an appeal from the December 23, 1980 judgment had long since passed.
Upon the rejection of a motion for a new trial filed by the defendants, they appealed. The appeal was met with a motion to dismiss the appeal on the same grounds stated in the opposition to a motion for a new trial.
The ruling of the court of appeal on the motion to dismiss the appeal stated only: "From our consideration of the motion to dismiss the appeal and the response thereto we conclude the appeal from the judgment as amended was timely filed." Writs were granted on plaintiff's application because it appeared that plaintiff's judgment might have become final before an appeal was taken.
The judgment did not become final. Defendant is guilty only of using the wrong words in what was, in effect, consecutive motions for new trials.
The delays for taking an appeal run from the expiration of the delay for applying for a new trial, or from the refusal to grant a timely application for a new trial, or from the notice thereof.
Defendant entitled each of his motions subsequent to the judgment as motions to amend the judgments. There is no statutory provision interrupting the time for taking an appeal by the filing of a motion to amend a judgment. Motions to amend are treated in C.C.P.1951:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
The substance of defendant's motions to amend was to add language to indicate that proceedings against three other defendants had been dismissed. Such a ruling was not a change "merely to alter the phraseology of the judgment" nor to "correct errors of calculation." The dismissal of an act against defendants could very well be, in a proper case, such as this, a matter of substance. Although the defendant actually requested an "amendment," what he spelled out in his motion was that the action against the three remaining defendants should be dismissed. Plaintiff has not been prejudiced by the use of such language in any way. Each motion was filed within the delay granted for a motion for a new trial, and plaintiff was promptly notified.
"The delay for applying for a new trial shall be seven days, exclusive of legal holidays...." (C.C.P.1974). The first judgment was rendered on December 23, 1980. On January 5, 1981 defendant filed his first motion to amend. Holidays intervened, and a motion for a new trial would have been timely. After the "supplemental" judgment was rendered on February 2, 1981, a second motion to amend was filed on February 10. Legal holidays intervened, and a motion for a new trial would have been timely. The motion to amend on February 10 was also served promptly on the plaintiff.
No action of the defendant caused the omissions from the original judgment. Judgments in this district, we are informed, are prepared in the office of the judge. The second correction was made necessary because one of the three omitted defendants was also left out of the first "supplemental" judgment.
"Every pleading shall be so construed as to do substantial justice." (C.C.P. 865). The source provision of this article was, according to the Official Revision Comments, "... a constant reminder ... that pleading is not an end in itself but merely a means to an end, ..." For the last quarter of a century, continues the comment, the decisions of Louisiana courts have been in accord with the philosophy that technical objections and harsh rules of pleadings should never be favored. Each pleading should be so construed as to do substantial justice. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971). *1294 To deny a litigant the right to appeal because the pleading is wrongly captioned would be harsh and unjust. The ruling of the court of appeal was correct.
The judgment of the court of appeal on the motion to dismiss the appeal is affirmed, at relator's cost, and the case is remanded to the court of appeal for further proceedings.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent.
The motions to amend filed by Norman Katz in no way concern the merits of this declaratory action, and cannot be given the effect of motions for a new trial.
In its judgment rendered on December 23, 1980 the trial court decreed that the property at issue was community in nature. The substance of this judgment was unaltered by the requested amendments noting that suit was dismissed against Columbia Homestead, Ellen Raye Katz Miller and Solomon Katz.
Filing of the motions to amend did not interrupt the running of the delays for the filing of a motion for a new trial. Because all delays had elapsed and the judgment had become final before the filing of Norman Katz's appeal, that appeal should be dismissed as untimely.