MAX N. TOBIAS, JR., Judge.
IjThe plaintiff/appellant, Argence, L.L.C., formerly M.O. “Jack” Argence & Sons, Inc. (“Argence”), appeals judgments of the First City Court of the City of New Orleans that dismissed ex parte its lawsuit with prejudice as abandoned under La. C.C.P. art. 561, declined to grant a new trial from the ex parte judgment of dismissal on the grounds of abandonment, and permitted ex parte the defendants/ap-pellees, Box Opportunities, Inc. d/b/a Chicken Box, Wagner, Inc., and Aberta, Inc. (collectively hereinafter, “Box”), removal of funds deposited in the registry of the court. For the reasons that follow, we amend the judgment of dismissal and as amended, affirm.
The record on appeal reflects that on .1 July 2008, a judgment on Box’s motion for new trial, apparently prepared by Box’s counsel as the prevailing party, was filed into the record of the trial court respecting a contradictory hearing held on 25 June 2008. The trial court signed the judgment on 10 July 2008 and a notice of judgment dated that same day was issued. The record on appeal does not reflect that the notice of judgment was mailed to counsel for the parties as required by La. |2C.C.P. art. 1913, although it is presumed that the clerk of the trial court complied with the law.[1] A copy of the judgment, but not the notice of judgment,[2] was also served by a deputy constable of First City Court on Box’s counsel of record on 15 July 2011. New counsel for Box enrolled on 18 September 2008. On 8 July 2011, Argence’s counsel filed a motion to set the trial on the merits. On 5 August 2011, counsel for Box filed ex parte motions to dismiss Ar-gence’s suit as abandoned pursuant to La. C.C.P. art. 561 and to remove money it deposited in the registry of the court; the same motions were again filed in the trial court on 12 August 2011. Both ex parte motions of 12 August 2011 resulted in a judgment[3] signed on 15 August 2011, granting dismissal of Argence’s suit with prejudice and ordering delivery of the money in the court registry to counsel for Box; a notice of judgment also issued on 15 August 2011. Thereafter a motion to set aside the 15 August 2011 judgment was by filed by Argence, which was ultimately denied, and the current timely appeal ensued.
On appeal, Argence asserts that the trial court erred by granting the motions to dismiss for abandonment and permitting Box’s counsel to withdraw the funds in the court registry.
La. C.C.P. art. 561 in pertinent part states:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte *541 motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1918(A) and shall file a certificate pursuant to Article 1913(D).
(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk’s mailing of the order of denial.
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. [Emphasis supplied.]
This article makes it clear that a party must take the action to move a case to final disposition, not the trial judge.[4] We can find no jurisprudence, and Ar-gence cites none, that states that the rendition of a judgment by a trial judge interrupts the three-year abandonment period. Further, a motion to enroll as counsel of record is not a step in the prosecution of a case. London Livery, Ltd. v. Brinks, 08-0230, p. 3 (La.App. 4 Cir. 12/10/08), 3 So.3d 13, 15, citing Brumfield v. McElwee, 07-0548, p. 2 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, 237.
|4The motion to set the trial filed on 8 July 2011 was filed more than three years after the draft judgment was filed on 1 July 2008 seeking the judge’s signature thereon and more than three years after the 25 June 2008 hearing.[5] No action in prosecution or defense of the cause of action occurred within three years and Ar-gence’s lawsuit was indeed abandoned as of 25 June 2008. The trial court therefore did not err in granting the ex parte judgment of dismissal and concomitantly did not err in rendering judgment ex parte allowing Box to withdraw the monies placed by them in the court’s registry.
Nevertheless, we do note that the trial court erred by ordering the dismissal of Argence’s suit with prejudice. A dismissal on grounds of abandonment may only be made without prejudice. Tasch, Inc. v. Horizon Group, 08-0635, p. 4 (La.App. 4 Cir. 1/7/09), 3 So.3d 562, 565, citing DeSalvo v. Waguespack, 187 So.2d 489 (La.App. 4th Cir.1966). See La. C.C.P. arts. 2129 and 2164.
For the foregoing reasons, we amend the 15 August 2011 judgment of the trial court to dismiss Argence’s suit against Box *542 without prejudice; and as amended, we affirm the judgment of the trial court. AMENDED; AS AMENDED, AFFIRMED.

. On appeal, Argence does not assert that the notice of judgment was not mailed to counsel of record.

. The service return merely reflects that the judgment was served.

. Although the judgment formally says that it is an order, the decretal language clearly demonstrates that it is a formal judgment.

. If a trial judge fails or refuses to sign or render a judgment following a trial or hearing, it is incumbent on a party to mandamus the judge to do so, and in such a case, the mandamus would likely constitute a step in the prosecution or defense of the suit.

. We know of no law or jurisprudence that requires that a proposed judgment be formally filed in the trial court record. See and cf., Uniform District Court Rule 9.5. Therefore, the hearing date of 25 June 2008 is the appropriate date from which the three years commenced to run.