DANIEL L. DYSART, Judge.
J^Plaintiffs-appellants, Billy Delacruz, Louis Perkins and David East, Jr. (collectively, “Plaintiffs”), appeal the district court’s denial of their Motion to Set Aside Judgment of Dismissal and the trial court’s judgment dismissing this lawsuit as abandoned. For the reasons that follow, we vacate the ruling, reverse the dismissal, reinstate the case, and remand for further proceedings.
BACKGROUND
On March 10, 2004, Plaintiffs filed a Seaman’s Complaint against defendant-ap-pellee, Anadarko Petroleum Corporation (“APC”). According to the Complaint, on October 18, 2003, Plaintiffs were crew-members of the M/V BAM BAM, a commercial oyster fishing vessel owned and then being operated by Billy Delacruz in Black Bay, which struck “an improperly submerged oil/gas line” owned by APC. Plaintiffs claimed to have suffered “severe, permanent and disabling physical and mental injuries,” in addition to damages to Mr. Delacruz’s vessel.
The matter was removed to federal court; however, by order dated May 26, 2004, the matter was remanded back to the 25th Judicial District Court for the Parish of Plaquemines. Plaintiffs then filed a First Amended Petition, adding | gAnadarko E & P Company, LP, as a defendant.[1] Plaintiffs alleged that the submerged oil/gas pipeline was owned by APC and Anadarko E & P Company.
On July 9, 2010, Plaintiffs filed a Motion to Set Status Conference, to Set Deadlines and to Set a Trial Date.[2] A telephone pretrial status conference was held on August 19, 2010 and a jury trial was scheduled to commence on August 30, 2011. On July 7, 2011, a Motion to Continue the trial was filed by Plaintiffs following a July 6, 2011 automobile accident in which counsel for Plaintiffs was injured. By Order dated July 19, 2011, the trial was continued without date.
On September 9, 2013, Plaintiffs filed a Motion to Set Scheduling Conference *792 Wherein a Pretrial Conference and a Trial Date Might be Set. A telephone scheduling conference was then set for October 1, 2013.
Thereafter, on September 17, 2018, APC filed an Ex Parte Motion to Dismiss for Abandonment with an incorporated supporting memorandum. APC took the position that “no party ha[d] taken any step in the prosecution or defense of the matter in the trial or appellate court for a period in excess of three (3) years.” APC’s motion was set for hearing on November 18, 2013. On November 4, 2013, APC filed a supplemental supporting memorandum in which it alleged that, the “record shows no activity for three years after August 24, 2010 other than the filing and grating of a motion to continue ‘without date of any hearings, conferences, or meeting[s.]’ ”
The October 1, 2013 telephone conference took place as scheduled “among counsel for the parties and the Court,” and a jury trial was re-set for October 28, |s2014.[3] APC’s Motion to Dismiss was then heard on November 18, 2013. After hearing argument of counsel, the trial court indicated that it found the cáse to be abandoned and by judgment dated December 3, 2013, APC’s motion was granted. The record reflects that notice of the judgment was issued on the same date of the judgment.
On December 19, 2013, Plaintiffs filed a Motion to Set Aside Judgment with an incorporated supporting memorandum, in which Plaintiffs maintained that APC’s participation in the October 1, 2013 telephone status conference to select the October 28, 2014 trial date “constituted a waiver of defendant’s claim of abandonment.”
Plaintiffs’ Motion was then set for February 24, 2014. In opposition to Plaintiffs’ Motion, APC maintained that Plaintiffs’ Motion (which APC characterized as “more accurately ... a Motion for New Trial”), raised no issues that were not present when the hearing on APC’s Motion to Dismiss was heard. It further argued that a Motion to Set Aside may be filed only “when the Court has entered an order of dismissal on an ex parte basis.” APC argued that counsel for Plaintiffs expressly agreed in advance of the October 1, 2013 status conference that his participation in that conference would not constitute a waiver of his abandonment defense.[4]
After the February 24, 2014, hearing, the trial court denied Plaintiffs’ Motion to Set Aside Order of Dismissal for Abandonment by judgment dated |4March 6, 2014. Notice of the judgment was issued that date. The trial court issued Reasons for Judgment on March 28, 2014. In those reasons, the trial court noted that the Motion to Set Aside was untimely. After noting that the Motion to Set Aside “should have been framed as a motion for new trial,” the trial court concluded that, under La. C.C.Pr. art 1974:
[A] motion for new trial must be filed within seven days, exclusive of legal holidays, from the day after the mailing of notice of judgment. In the instant case, the Judgment was mailed on December 3, 2013. This, the latest day plaintiff could have timely filed a motion for new trial was December 12, 2013. Plaintiffs filed their motion seven days late.
The trial court’s Reasons for Judgment also found that Plaintiffs’ Motion to Set Aside was without merit insofar as Plaintiffs were unable to show that their ease *793 was not abandoned under La. C.C.Pr. art. 561. The trial court concluded that Plaintiffs’ “Motion to Continue the August 30, 2011 trial “without date’ did not set a date certain for the trial, and therefore it did not signal plaintiffs’ intention to move the case forward.”
Plaintiffs filed a Motion and Order for Appeal on March 12, 2014.
DISCUSSION

Timeliness of Appeal

After the appeal was lodged with this Court, APC filed a Motion to Dismiss Appeal as Untimely. In that Motion, APC maintains that Plaintiffs’ Motion to Set Aside Order of Dismissal was essentially an untimely Motion for New Trial.[5] Thus, APC argues, the appeal delays commenced with the trial court’s December 2, 2013 judgment. Accordingly, APC contends that the period for taking an appeal lsof that judgment expired on February 15, 2014, approximately a month before Plaintiffs filed their Motion for Appeal.[6]
Under La. C.C.P. art. 561, a case is considered abandoned “when the parties fail to take any step in its prosecution or defense in the trial court for . a period of three years.” That Article further provides:
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
La. C.C.P. art. 561A(3).
A party seeking to set aside a judgment dismissing an action as abandoned must file a motion to set aside the judgment “within thirty days of the date of the sheriffs service of the order of dismissal.” La. C.C.P. art. 561A(4). APC maintains that, because the trial court held a contradictory hearing on the Motion to Dismiss for Abandonment, rather than dismissing the case on an ex parte basis (as the Motion was filed), Plaintiffs may not avail themselves of the 30 day period for moving to set aside the dismissal.[7] Rather, according to APC, Plaintiffs were relegated to a Motion for New Trial pursuant to La. C.C.P. art. 1974, which requires that applications for new trial be filed that within “seven days, exclusive of legal holidays,” which delay “commences to run on the day after the clerk has ^mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” La. C.C.P. art. 1974.
APC’s contention is essentially that the manner by which a judgment of dismissal on grounds of abandonment is issued governs how that judgment is to be challenged — if the judgment is entered on an ex parte basis, the challenging party has 30 days to move to set it aside; if the judgment is entered after a contradictory hearing, the challenging party may either move for a new trial or appeal the judgment.
*794 Plaintiffs argue that the trial court erred in holding a contradictory hearing, noting that, since Article 561’s amendment in 2003, the trial court had no authority to schedule a contradictory hearing. Plaintiffs further argue that the hearing that took place was not truly a contradictory hearing because the trial court “allowed no live testimony, no presentation of witnesses and no introduction of any extrinsic evidence.” Plaintiffs thus argue that they should not be prejudiced by the trial court’s “errors and misapplication of the ex parte procedures of Art. 561.”
APC cites no case' law which makes any distinction between a judgment of dismissal, entered on an ex parte basis and one which is entered after a contradictory hearing. Arguably, the longer period for moving to set aside an ex parte dismissal on the grounds of abandonment (30 days) contemplates that the party against whom the judgment is rendered had no prior knowledge of the motion to dismiss or an opportunity to be heard. However, Article 561 makes no distinction between a judgment entered into on an ex parte basis or one that is entered following a contradictory hearing. Article 561 simply states:
A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely 17motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
La. C.C.P. art. 561A(4).
The Louisiana Supreme Court has indicated that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark v. State Farm Mut. Auto.Ins. Co., 00-3010, p. 8 (La.5/15/01), 785 So.2d 779, 785; See also Williams v. Abadie, 03-0605, p. 4 (La. App. 4 Cir. 9/24/03), 857 So.2d 1118, 1121. Indeed, our jurisprudence has uniformly followed this principle, recognizing that “dismissal is the harshest of remedies.” Prestenback v. Hearn, 11-1380, p. 4 (La.App. 4 Cir. 2/22/12), 85 So.3d 256, 259, writ denied, 2012-0942 (La.6/15/12), 90 So.3d 1065; Succession of Sigur v. Henritzy, 13-0398, p. 9 (La.App. 4 Cir. 9/18/13), 126 So.3d 529, 536; Brown v. Michaels Stores, Inc., 07-772, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 62, 65. Our jurisprudence also indicates that “any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.” Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912, p. 5 (La.12/6/11), 79 So.3d 978, 982. See also, Clark, 00-3010, p. 10, 785 So.2d at 787.
Given that Article 561 does not expressly state that motions to set aside judgments of dismissal pertain only to judgments rendered on an ex parte basis, coupled with our well-settled jurisprudence that Article 561 is to be liberally interpreted, we find that, under the circumstances of this case, Plaintiff had 30 days within which to file a motion to set aside the trial court’s December 3, 2013 judgment. Plaintiffs’ Motion, filed on December 19, 2013 was, therefore, timely. APC’s Motion to Dismiss Appeal as Untimely is denied.
|RWe now turn to the merits of this appeal.

Abandonment of Action

The question of whether a suit was abandoned is a legal question. See Olavarrieta v. St. Pierre, 04-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568. Accordingly, the standard of review by an appellate court “in reviewing a question of law is simply whether the lower *795 court’s interpretive decision is correct.” Id., citing Faust v. Greater Lakeside Corporation, 03-0808, p. 3, (La.App. 4 Cir. 11/26/03), 861 So.2d 716, 718.
In this appeal, Plaintiffs maintain that the trial court erred in “unilaterally converting the ex parte motion” of APC into “a contradictory motion” and then refusing to allow Plaintiffs to offer “any extrinsic evidence or testimony in support of their opposition to Defendant’s motion ... or to allow oral testimony or argument to the issues of intent to abandon....” Plaintiffs further argue that the trial court erred in finding their Motion to Set Aside Judgment as untimely.[8] Plaintiffs then recite a number of cases in which activity outside the record was found to have been sufficient to interrupt the tolling of the three year abandonment period. We need not reach these particular issues. In our de novo review of the record[9] and the pertinent case law, we find that the record demonstrates suit was not abandoned and the trial court erred in dismissing it.
As we previously noted, “[a]n action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.... ” La. C.C.P. art. 561A(1). This Court recently reiterated the welljestab-lishedg criteria to be considered in determining whether a case has been abandoned:
1) a party must take a step toward the prosecution or defense of the action; 2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record; and 3) the step must be taken within three years of the last step taken by either party.
Heirs of Simoneaux v. B-P Amoco, 13-0760, pp. 3-4 (La.App. 4 Cir. 2/5/14), 131 So.3d 1128, 1130-31, writ denied, 14-0600 (La.5/16/14), 144 So.3d 1035, citing Dean v. Delacroix Corp., 12-0917, p. 6 (La.App. 4 Cir. 12/26/12), 106 So.3d 283, 287, writ denied, 13-0485 (La.4/26/13), 112 So.3d 844.
At the outset, we note that a “step” toward the prosecution of a matter has consistently been defined as “a formal action before the court intended to hasten the suit towards judgment” or as “the taking of formal discovery.” Id., 13-0760, p. 4,131 So.3d at 1131. See also, Nationstar Mortgage, LLC v. Harris, 13-1335, p. 8 (La.App. 4 Cir. 5/14/14), 141 So.3d 829, 835; Lewis v. Comm’r of Ins., 11-347, p. 7 (La.App. 5 Cir. 12/13/11), 81 So.3d 890, 895; Dendy v. City Nat. Bank, 06-2436 p. 8 (La.App. 1 Cir. 10/17/07), 977 So.2d 8, 12. Our jurisprudence reflects that the “step” must be evident from the record. Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912, pp. 10-11 (La.12/6/11), 79 So.3d 978, 984-85 (“in order for an action by a party other than formal discovery to constitute a step, it must be before the trial court or filed in the trial court record”). Two exceptions to the rule that the “step” be demonstrated by the record have developed: “(1) a plaintiffs failure to prosecute based on circumstances beyond the plaintiffs control; or (2) a defendant’s waiver of the right to assert abandonment by taking action inconsistent with an intent to treat the case as | inabandoned.” Id., citing Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 7 (La.5/15/01); 785 So.2d 779, 784-85. Neither of these exceptions apply to the in *796 stant matter. However, a review of the record indicates that the three year period for abandonment had not elapsed at the time that APC filed its Motion to Dismiss.
The question of when the. tolling period for abandonment begins when a trial date has been set and continued without date can be resolved by reviewing recent cases addressing similar scenarios.
In Dean, the trial court issued an order on April 4, 2008, setting the case for trial on November 3, 2008. Between May of 2008 and June, 2008, the parties filed pleadings related to exceptions which were to be heard on June 24, 2008. The last of the pleadings was an opposition to the exceptions filed on June 16, 2008. On August 14, 2008, one of the parties filed an unopposed motion to continue the hearing on the exceptions and the trial date. The motion was granted on August 18, 2008, continuing hearing and the trial without date. On August 5, 2011, the plaintiffs filed a motion to reset the exceptions for hearing. The defendant moved to dismiss the case as abandoned on August 15, 2011.
Finding that the August 15, 2011 filing of the motion to reset was timely, this Court held:
[P]rior to the filing ... of the motion to continue both the hearing on [the] exceptions and the trial, which motion was unopposed, all parties were contemplating the case moving forward as there were dates set for hearings and trial. Once the trial court ruled on [the] exceptions, the case would proceed to trial with or without Delacroix as a party. There was no further action needed by any party, such as the formal filing of pleadings, to move the case forward. Thus, it would be patently unfair to hold that the last date any action taken in this case to hasten it to judgment was June 16, 2008, when [plaintiff] filed its opposition to [the] exceptions. Rather, we find the operative date to begin the tolling of the three-year ^abandonment rule was August 18, 2008, the date Judge Ragusa signed the order continuing both the hearing on Delacroix’s exceptions and the trial date.
Id., 12-0917, pp. 7-8 (La.App. 4 Cir. 12/26/12), 106 So.3d at 288.
More recently, in Heirs of Simoneaux, plaintiffs moved to set a status conference on March 26, 2008, citing the need to “put the case back on track for resolution.” Id., 13-0760, p. 1, 131 So.3d at 1129. The trial court scheduled a conference for August 28, 2008. A telephone conference took place that date, at which time the parties agreed to an indefinite continuance of the status conference so that settlement discussion could take place. After plaintiffs filed a Motion for Status Conference on August 23, 2011, for the purpose of putting the case “back on track,” the defendants filed an Ex Parte Motion to Dismiss on Grounds of Abandonment.
Citing Dean, we rejected the defendants’ argument that the last step in the prosecution of the case was the March, 2008, motion for status conference. We noted:
This Court held that it would be inherently unfair to Dean to start the tolling of the three-year abandonment period on June 15, 2008, when Dean had already obtained a trial date of November 3, 2008 — the ultimate step in the prosecution of the case. Put another way, the case was progressing to trial until the case was continued on August 18, 2008. For that reason, this Court held that the date to begin the tolling of the three-year abandonment period was August 18, 2008. Therefore, when Dean moved to reset the exceptions for trial on August 15, 2011, he was within the statutory three-year period.
*797 Applying Dean to the facts of this case, we find that August 28, 2008, is the date to begin the tolling of the three-year period. To consider the tolling period to have begun on March 26, 2008, the date the motion for status conference was requested would be inherently unfair, as the motion for status conference specifically requested to have deadlines set and to “put the case back on track.” 112This clearly evinces a desire to move the case forward to prosecution.
Id., 13-0760, p. 5,131 So.3d at 1131.
In the instant matter, like in Dean, Plaintiffs had already obtained a trial date, “the ultimate step in the prosecution of the case.” Id. No further action was required of Plaintiffs (or any other party at that time). As we held in Dean, it would be patently unfair to hold that the last step in the prosecution of this matter was the issuance of the August 24, 2010 scheduling order following the August 19, 2010 telephone status conference, as APC contends. Given that a trial date had already been selected, together with our holdings in Dean and Heirs of Simoneaux, we find that, under the circumstances of this case, the last step in the prosecution was the trial court’s July 19, 2011 order continuing the trial. Plaintiffs’ September 9, 2013 Motion to Set was, therefore, filed a little over two years after that last step and well within the three year period for abandonment of cases under Article 561.
Accordingly, we find that the trial court erred in granting APC’s Motion to Dismiss for Abandonment. The judgment of the trial court is reversed and this matter is remanded for further proceedings.
JUDGMENT VACATED, DISMISSAL REVERSED, AND REMANDED; MOTION TO DISMISS APPEAL DENIED.
JENKINS, J., dissents with reasons.

. Anadarko E & P Company is further described as "previously known as Union Pacific Resources Company, which bought Laurel operating Company.”

. In that Motion, Plaintiffs’ counsel stated that Mr. Delacruz "does not appear to have been sufficiently injured that he is interested in cooperating in the prosecution of his case, while Mr. East cannot be located.” At that time, Mr. Perkins was to "be the sole remaining plaintiff after due proceedings to notify the other plaintiffs.”

. The parties stipulated that the telephone conference and trial date selection would not prejudice APC's Ex Parte Motion to Dismiss for Abandonment.

. Indeed, Plaintiffs’ counsel conceded to that agreement.

. In its Reasons for Judgment, the trial court found that the Motion “should have been framed as a motion for new trial.”

. Pursuant to La. C.C.P. art. 561A(5), "[a] appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal."

.Prior to 2003, Article 561 provided that the “the trial court may direct that a contradictory hearing be held prior to dismissal” of a case as abandoned. By .Act No. 545, § 1 of 2003, Article 561 was amended to delete the language pertaining to a contradictory hearing.

. This issue was fully addressed by Plaintiffs in their Opposition to APC’s Motion to Dismiss Appeal. As we have already determined, the Motion to Set Aside was not untimely.

. The issue of abandonment is a question of law subject to de novo review on appeal. Liner v. Ippolito, 08-0208, p. 3 (La.App. 4 Cir. 8/20/08), 991 So.2d 1150, 1152.