Judge Tiffany G. Chase
Plaintiffs, Pablo Guth, Jacob Guth, Nicholas Guth and Amanda Guth, (hereinafter the "Guths") appeal the trial court's December 1, 2015 order denying a motion and order to set aside an order of dismissal for abandonment. For the reasons that follow, we vacate the trial court's order and remand the case for further proceedings.
Factual and Procedural History
On September 14, 2011, the Guths filed suit against Citigroup, Inc., Citigroup Global Markets, Inc., and Legg Mason, Inc. (hereinafter collectively referred to as "the Citigroup Defendants"), alleging breach of contract, theft by fraud, negligent misrepresentation and tortious conduct. The Guths served the Citigroup Defendants on September 28, 2011, through the Louisiana Secretary of State. On April 16, 2012, the Citigroup Defendants collectively responded with an exception of prematurity, and an answer to the petition, *1129 The trial court record reflects the following subsequent actions/filings:
• September 12, 2012- Motion to compel discovery filed by the Guths;
• October 4, 2012- Motion for Leave and opposition to the Guth's motion to compel filed by the Citigroup Defendants;
• October 10, 2012- Sheriff's Service coversheet for service on the Guths of the opposition to the motion to compel;
• October 11, 2012- Contradictory hearing on the motion to compel; and
• October 15, 2012- Sheriff's return reflecting service on the Guths with Citigroup Defendants' opposition to the motion to compel.
On November 5, 2015, the Citigroup Defendants filed an ex parte motion and order of dismissal for abandonment. The memorandum in support of the motion stated "[f]rom October 16, 2012 through November 2, 2015-a period of more than three years-no steps were taken in the prosecution or defense of this action." The ex parte order dismissing the case as abandoned was signed by the duty judge on November 6, 2015.
On November 13, 2015, the Guths served counsel for the Citigroup Defendants with discovery requests. The Citigroup Defendants notified the Guths that the case had been dismissed for abandonment. On November 18, 2015, counsel for the Guths provided, to the Citigroup Defendants, "proof sufficient to demonstrate that action taken in the prosecution or defense of this case occurred on November 16, 2012." In light of this information, on November 24, 2015, the Citigroup Defendants filed an ex parte "motion to restore action to docket" and to "vacate an order and judgment dismissing this matter for abandonment." In the motion, the Citigroup Defendants explained that the dismissal was premature by eleven days and sought to set the dismissal aside.
On December 1, 2015, the trial court denied the Citigroup Defendants' ex parte motion and order to set aside the order of dismissal for abandonment. In a handwritten notation, the trial court wrote denied across the order and cited to La. C.C.P. art. 561A(4). On October 31, 2017, the Guths' requested sheriff's service of the order of denial; and the Guths were formally served on November 2, 2017. The Guths now appeal the December 1, 2015 order denying the Motion to Set Aside.
Discussion
The sole assignment of error raised by the Guths on appeal is whether the trial court erred by denying the ex parte motion to set aside the order of dismissal for abandonment pursuant to La. C.C.P. art 561A(4). Accordingly, we must determine whether the trial court properly interpreted and applied the law. Questions of law are reviewed de novo. An Erny Girl, L.L.C. v. BCNO 4 L.L.C., 2016-1011, p. 9 (La.App. 4 Cir. 3/30/17), 216 So.3d 833, 839, reh'g denied (Apr. 18, 2017), writ denied , 2017-0815 (La. 6/29/17), 222 So.3d 48 (citations omitted).
The trial court denied the motion and order, finding the motion was untimely pursuant to La. C.C. P. art 561A(4) which provides:
A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
As a threshold matter, the most relevant procedural problem presented in this case involves the lack of service on the parties of the motion and order of dismissal for abandonment signed by the duty judge on November 6, 2015. La. C.C.P. art. 561A(3)
*1130 specifically requires that the "[s]heriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292." Technically, the time period to file a motion to set aside the November 6, 2015 order did not begin to run because the order was never served by the sheriff. The statute sets forth a thirty-day period in which to file a motion to set aside the dismissal.[1] The Citigroup Defendants filed the motion to restore the case to the docket within eighteen days, on November 24, 2015. The filing of the motion was clearly within the time period prescribed in La. C.C.P. art. 561A(4).
Delacruz v. Anadarko Petroleum Corp, 2014-0433, p. 7 (La.App. 4 Cir. 12/3/14), 157 So.3d 790, 794, addressed the issue of timeliness of a motion to set aside an order of dismissal for abandonment. In Delacruz , the plaintiffs moved to set aside an order of dismissal for abandonment sixteen days after the notice was mailed. Id. at 792. The trial court set the motion for a contradictory hearing and after a hearing denied the plaintiffs' motion to set aside as untimely, finding the plaintiffs should have filed a motion for new trial within seven days of the mailing of the notice of abandonment. 2014-0433, pp. 3-4, 157 So.3d at 793. This Court disagreed, finding that the plaintiff had thirty days from the date of sheriff's service of the dismissal to file a motion to set aside. 2014-0433, p. 5, 157 So.3d at 793 (citing La. C.C.P. art. 561A(4) ). Like in Delacruz, the trial court, in this case, denied the motion to set aside on procedural grounds, finding the motion to set aside was untimely. However, unlike in Delacruz, the notice of judgment was never served on the parties by the sheriff. Thus, the delays did not begin to run. Therefore, when the trial court denied the motion on December 1, 2015, it erred in its interpretation and application of the law because the motion was not untimely pursuant to La. C. C.P. art. 561A(4).[2]
Conclusion
For the foregoing reasons, the December 1, 2015 order denying the motion to set aside the order of dismissal for abandonment is vacated and the case remanded for further proceedings.
JUDGMENT VACATED AND REMANDED

The record does not reflect service was requested nor effectuated on the parties.

We pretermit the merits of the case as to whether the underlying suit was abandoned as the trial court denied the motion to set aside on procedural grounds.