DAVID K. GROOME AND     *     NO. 2020-CA-0019
NORMAN MANTON

           *

VERSUS                  COURT OF APPEAL

           *

EARL T. CARR, JR., CARR &     FOURTH CIRCUIT
ASSOCIATES, INC., ROBERT     *
LEHMAN, CONTINENTAL
CASUALTY COMPANY, ABC     * * * * * * *     STATE OF LOUISIANA
& XYZ INSURANCE
COMPANIES

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-04822, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins,
Judge Paula A. Brown)

David Greenberg
GREENBERG & LaPEYRONNIE L.L.C.
848 Second Street, Suite 200
Gretna, LA 70053

      COUNSEL FOR PLAINTIFF/APPELLANT

David L. Browne
BROWNE LAW, LLC
365 Canal Street, Suite 1000
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

            **APPEAL DISMISSED WITHOUT PREJUDICE;
                REMANDED WITH INSTRUCTIONS**

                         **APRIL 1, 2020**

JCL

SCJ

PAB

This litigation arises from a contract dispute. Plaintiff/appellant, David K. Groome ("Groome") appeals the April 11, 2018 judgment of the district court dismissing this lawsuit as abandoned. For the reasons that follow, we dismiss the appeal without prejudice as premature, and we remand this matter to the district court with instructions.

On December 19, 2017, defendant/appellee, Robert C. Lehman ("Lehman"), filed an *ex parte* motion to dismiss due to abandonment, contending that no party had taken any step in the prosecution of the case for three years. On April 11, 2018, the district court rendered judgment declaring the lawsuit abandoned and dismissing the lawsuit "with prejudice." The notice of signing of judgment was not issued until September 12, 2019, and the record does not reflect any return for the sheriff's service of the judgment.

On September 9, 2019, intervenor, Scott W. McQuaig ("McQuaig"), filed a motion to set aside and/or amend the judgment of dismissal (the "outstanding

motion").[1] McQuaig did not dispute that the case had been abandoned and only sought to amend the language dismissing the case "with prejudice" to "without prejudice."[2] The district court set the outstanding motion for contradictory hearing on October 4, 2019, which was continued to December 6, 2019. Meanwhile, on November 8, 2019, Groome filed a motion for appeal, and on November 20, 2019, the district court signed the order of appeal. The record on appeal does not reflect that the district court ruled on the outstanding motion.

Article 561 of the Louisiana Code of Civil Procedure governs abandonment of cases.[3] Subsections (4) and (5) of La. C.C.P. art. 561 provide, respectively, for a "motion to set aside a dismissal" and an "appeal of an order of dismissal" as follows:

> (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
>
> (5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An

---

[1] On September 12, 2019, the district court granted McQuaig leave to file his petition for intervention. McQuaig was counsel of record for Groome and filed a motion to withdraw as counsel contemporaneously with the motion for leave and petition for intervention.

[2] *See Argence, L.L.C. v. Box Opportunities, Inc.*, 11-1732, p. 4 (La. App. 4 Cir. 5/23/12), 95 So.3d 539, 541 ("A dismissal on grounds of abandonment may only be made without prejudice.").

[3] Generally, an action "is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years…" La. C.C.P. art. 561(A)(1). This article is "operative without formal order" of the district court, but also permits "any party or other interested person by affidavit" to file an *ex parte* motion "which provides that no step has been timely taken in the prosecution or defense of the action…" La. C.C.P. art. 561(A)(3). The district court "shall enter a formal order of dismissal as of the date of its abandonment," and the "sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292." *Id.*

2

appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

"Appellate courts have a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court." *Schwarzenberger v. Louisiana State Univ. Health Scis. Ctr.-New Orleans*, 18-0812, p. 2 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, 451-452. An order of appeal is premature if it is granted before the disposition of any motions for new trial. La. C.C.P. art. 2087(D). An order granting an appeal becomes effective upon the denial of such motions. *Id.* As this Court has explained:

> It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed…. Where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the appellate court lacks jurisdiction to hear the appeal…. The appellate court can dismiss an appeal at any time for lack of jurisdiction.

*Merritt v. Dixon*, 97-0781, p. 2 (La. App. 4 Cir. 5/28/97), 695 So.2d 1095, 1096 (internal citations omitted).

Regarding the appeal of a dismissal due to abandonment, the comment to the 2003 amendments to La. C.C.P. art 561 likens a motion to set aside a dismissal to a motion for new trial:

> Article 561 has been amended to add specific appeal provisions. An appeal may be taken either following a formal order of dismissal, or following an order denying a timely motion to set aside the dismissal. Under these provisions, a motion to set aside an order of dismissal is similar to a motion for new trial, and an order denying such a motion is similar to an interlocutory order denying a motion for new trial. However, the taking of evidence, the finding of facts, and the assessment of credibility often will occur only if a timely motion to set aside prompts a contradictory hearing. Accordingly, an order denying such a motion is better treated as a final judgment for purposes of notice pursuant to Article 1913.

Here, the outstanding motion also seeks to amend the judgment of dismissal. A motion to amend that seeks to alter the substance of the judgment may be construed as a motion for new trial when the motion is filed within the delay for filing a motion for new trial. *Katz v. Katz*, 412 So.2d 1291 (La. 1982)).

The outstanding motion herein was timely filed within both the delays for a motion to set aside dismissal and a motion for new trial.[4] As evidenced in the record, no judgment has been rendered on the outstanding motion. We find this appeal premature; therefore, this Court lacks appellate jurisdiction over this matter. *See Sports Design & Dev., Inc. v. AmSouth Bank*, 08-0246, p. 1 (La. App. 3 Cir. 4/9/08), 2008 WL 949658, *1 (*unpub.*).

Accordingly, the appeal is dismissed without prejudice. This ruling does not preclude any party from seeking appellate review at a time when this matter becomes ripe for appeal. The case is remanded to the district court with instructions to hold a contradictory hearing and rule upon the motion to set aside and/or amend the judgment of dismissal.

**APPEAL DISMISSED WITHOUT PREJUDICE;
REMANDED WITH INSTRUCTIONS**

---

[4] A motion to set aside a dismissal must be filed within thirty days of the date of the sheriff's service of the order of dismissal. La. C.C.P. art. 561(A)(4). The record on appeal lacks any evidence that the sheriff served the judgment of dismissal. Accordingly, the delays to file a motion to set aside did not begin to run, and the motion to set aside was timely filed. *See Guth v. Citigroup, Inc.*, 18-0172, p. 4 (La. App. 4 Cir. 9/19/18), 255 So.3d 1128, 1130. Additionally, the outstanding motion was filed before the mailing the notice of signing of judgment. *See* La. C.C.P. art. 1974 ("The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.").